## Russell PATTON *v.* STATE of Arkansas

CR 83-92 660 S.W.2d 939

### Supreme Court of Arkansas
### Opinion delivered November 21, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

STEELE HAYS, Justice. Russell Patton was convicted of two counts of aggravated robbery and two counts of theft of property for the robbery of Mr. and Mrs. Preston Watkins on November 19, 1982. The couple was accosted by two men outside their Little Rock motel room and robbed of their cash, credit cards and a watch. Serious head wounds were sustained by Mrs. Watkins when Patton struck her with a pistol.

The jury assessed punishment at seventeen years on each aggravated robbery charge and six years on each theft of property charge. The trial judge ordered the sentences to be served consecutively, to which Patton objects on appeal. It is the only error alleged.

Patton recognizes that whether multiple sentences are served concurrently or consecutively is left to the discretion of the trial judge and the exercise of that discretion will not be altered on appeal unless it is clearly shown to have been abused. *Hinton* v. *State,* 260 Ark. 42, 537 S.W.2d 800 (1976).

Patton argues that he was penalized by the trial judge because he first indicated his intention to plead guilty, but later changed his mind and asked for a jury trial, as was his right. He cites this excerpt from the record:

The Court:

[t]his defendant advised this Court that he was going to plead guilty. On the day he was to plead guilty he changed his mind and decided that he wasn't going to plead guilty and he wanted to take a jury trial. As far as I am concerned he is a crap shooter and he rolled the dice and he lost. It is my judgment that the punishment that he got is insufficient. I think it should have been higher than that. (T. 167)

Patton contends the case is comparable to *Acklin* v. *State,* 270 Ark. 879, 606 S.W.2d 594 (1980), where it was shown the trial judge based his order for consecutive sentences on either of two faulty predicates: because the defendant asked for a jury trial with no real defense, or because it was the "policy" of the judge to impose consecutive sentences. In the first instance, a defendant cannot be penalized for claiming a right given him under the Constitution and, in the second, to adhere to a rigid "policy" obviously removes all consideration of the particular circumstances of each case. In neither instance is discretion reflective.

In *Acklin,* we found sound discretion to be lacking, but we are not persuaded the trial judge here had the same fixed opinion as in *Acklin,* in spite of the reference to rolling dice. From other comments in the record it is reasonably clear the trial judge acted in response to the circumstances of the case. He labelled the crime "absolutely terrible" and observed that the punishment was, in his view, insufficient. On balance,

we conclude the appellant has failed to meet the heavy burden of showing the trial judge failed to give due consideration to the exercise of his discretion in the matter of consecutive sentences.

The judgment is affirmed.