Derrick BLAIR *v.* STATE of Arkansas

CR 84-135                                        681 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Leon N. Jamison,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Derrick Blair, was convicted of burglary, theft and two counts of theft by receiving. The jury fixed each sentence at eighteen years, and

the trial judge ordered them to run consecutively. Appellant assigns three points of error. We affirm. Jurisdiction is in this court under Rule 29(1) (b).

Appellant first contends that the trial court erred in permitting a police officer to testify as a fingerprint expert, when that officer had never previously qualified as an expert. Rule 702, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1977), which governs the admission of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The police officer testified that he had specialized in fingerprint work for six years and that he had 80 hours of training at the FBI Academy in latent fingerprint analysis. He testified that he compared latent fingerprints taken from a window at the burglary site with appellant's fingerprints and found them to be identical.

The determination of the qualifications of an expert witness lies within the discretion of the trial court, and his decision will not be reversed unless that discretion has been abused. *Dixon* v. *State,* 268 Ark. 471, 597 S.W.2d 77 (1980). The trial court did not abuse that discretion simply because he allowed the witness to qualify for the first time as an expert. Even if an abuse of discretion had occurred, it was not prejudicial since an expert with more fingerprint analysis credentials, plus courtroom experience, testified that he had independently determined that the latent fingerprints and appellant's fingerprints were identical.

Appellant next argues that the trial court erred in refusing to give his requested instruction on criminal trespass. This point is also without merit. The state's witnesses testified that the appellant was guilty of burglary. The appellant testified that he did not enter the structure.

There is no evidence of a violation of the criminal trespass statute. A trial judge does not have to give an instruction where there is no evidence to support the giving of that instruction. *Blaney* v. *State,* 280 Ark. 253, 657 S.W.2d 531 (1983).

Appellant's final argument is that the trial court abused its discretion in running his sentences consecutively rather than concurrently. The trial court has the discretion to make maximum sentences run consecutively. *Hinton* v. *State,* 260 Ark. 42, 537 S.W.2d 800 (1976). Ark. Stat. Ann. § 43-2312 (Repl. 1977) states in pertinent part:

> (T)he sentencing court shall have the authority to direct that the sentence adjudged shall run concurrently with the other sentence, if it shall be deemed best for society and the person convicted.

A trial judge may order that sentences be served consecutively if it is in the best interest of society and the person convicted. A trial judge's exercise of discretion will not be reversed unless it is shown that he abused that discretion. *Patton* v. *State,* 281 Ark. 36, 660 S.W.2d 939 (1983). In the case at bar, the appellant has been convicted of a total of six felonies, and the trial judge may well have thought the interests of society demanded consecutive sentencing. No abuse of the exercise of discretion has been shown.

Affirmed.