William R.C. EDWARDS *v.* STATE of Arkansas

CR 89-129                                        775 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered September 18, 1989

6

*Harold W. Madden*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant William R.C. Edwards was charged with (1) possession of cocaine with the intent to deliver, (2) possession of marijuana with the intent to deliver, (3) possession of drug paraphernalia, and (4) possession of dilaudid. The jury convicted Edwards of possession of cocaine and possession of drug paraphernalia and imposed sentences of fifteen years and six years respectively. The trial judge ordered the sentences to be served consecutively and Edwards appeals. We find no merit in the five assignments of error and, accordingly, we affirm.

First, the appellant argues that the trial judge abused his discretion in ordering that the sentences be served consecutively. The appellant assumes a heavy burden of showing that the trial judge failed to give due consideration to the exercise of his discretion in the matter of consecutive sentences. *Blair v. State*, 284 Ark. 330, 681 S.W.2d 374 (1984); *Patton v. State*, 281 Ark. 36, 660 S.W.2d 939 (1983). Both Ark. Code Ann. § 16-90-109 (1987) and Ark. Code Ann. § 5-4-403 (1987) provide that the choice between concurrent and consecutive sentences rests with the discretion of the trial judge.

The appellant, in addition to these drug offenses, had been convicted of transporting a stolen vehicle in interstate commerce, escaping from prison, and possessing stolen property. The trial judge could have concluded that the appellant had a proven record of an inability to abide by the law, and therefore may well have concluded that the interests of society demanded consecutive sentences. The appellant further contends that because the prior felonies were not serious offenses consecutive sentences should not be imposed. This argument was not offered as a basis for the objection at trial and thus cannot be raised for the first time on appeal. *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988); *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Finding no abuse of the trial judge's discretion in ordering consecutive sentences, we affirm on this point.

Secondly, the appellant asserts that the trial court committed reversible error in denying his motion for a mistrial. The prosecutor asked Officer Gary Sipes if he recalled seeing a beeper on the appellant. Officer Sipes answered affirmatively, and the prosecutor then asked if Dial-A-Page beepers are used by drug dealers. Appellant's counsel objected and the trial court sustained the objection, but refused to declare a mistrial. The manner in which the question was asked may have been improper, but we note that the jury acquitted appellant of possession of marijuana with intent to deliver, providing some indication that the jury was not prejudiced by the question. Mistrial is a drastic remedy and rests with the discretion of the trial judge. It should only be granted when the prejudice is so manifest that the trial court cannot in justice continue. *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985). The appellant fails to demonstrate any manifest prejudice.

Thirdly, the appellant alleges that Ark. Code Ann. § 6-64-403 (1987), the drug paraphernalia law, is void for vagueness. A law is void for vagueness if it lacks ascertainable standards of guilt such that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Garner* v. *White*, 726 F.2d 1274 (8th Cir. 1984); *Winters* v. *New York*, 333 U.S. 507 (1948). Recently, we upheld the drug paraphernalia law in *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988), and the same rationale applies here. The drug paraphernalia law defines not only the kinds of materials which

8

constitute drug paraphernalia but also lists twenty terms which describe the activities prohibited in connection with drug paraphernalia. The Court of Appeals for the Eighth Circuit upheld the constitutionality of our statute in *Garner* v. *White, supra.*

As a fourth point the appellant maintains that the evidence was insufficient to sustain the convictions. To determine the sufficiency of the evidence we need only consider that evidence which supports the verdict. *Hurvey* v. *State*, 298 Ark. 289, 766 S.W.2d 926 (1989). On appeal, we review the evidence in the light most favorable to the appellee and sustain the conviction if there is any substantial evidence to support it. The evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989).

The jury convicted the appellant of possession of cocaine and possession of drug paraphernalia. The evidence viewed in the light most favorable to the state is as follows: Police officers arrived to execute a search warrant at 822 West Kiehl Avenue in Sherwood. Upon their arrival, the officers noticed the appellant working under the hood of a car parked outside the residence. When the appellant saw the officers approaching, he removed a small metal canister from his rear pants pocket and tossed it aside. Officer Sipes examined the container and discovered eight packets containing a white powdery substance, later found to be cocaine. This evidence supports the appellant's conviction for possession of cocaine.

The appellant also contends that there is not sufficient evidence to convict him of possession of drug paraphernalia. However, a small vial containing cocaine residue was discovered on the appellant's person. Ark. Code Ann. § 5-64-101(y)(12)(f) (1987), the Uniform Controlled Substances Act, defines the term drug paraphernalia as specifically including cocaine vials. Therefore, sufficient evidence exists to support the appellant's conviction for possession of drug paraphernalia.

Finally, the appellant maintains that the trial court erred in denying his motions to suppress evidence. In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based upon the totality of the circum-

stances and reverse only if the ruling was clearly against the preponderance of the evidence. *Cooper* v. *State*, 297 Ark. 477, 763 S.W.2d 70 (1989). We affirm the trial court's ruling.

The appellant contends that the search warrant was improperly issued based upon the magistrate's finding of *reasonable* cause, rather than *probable* cause, to search. Hence, he maintains, all the evidence seized thereunder should be suppressed. Official commentary to Article IV to the Arkansas Rules of Criminal Procedure states that the term "reasonable cause" rather than "probable cause" has been used throughout this article. Arkansas drafters chose reasonable cause in preference to probable cause to avoid any suggestion that the facts must be more probable than not. The commentary notes that most courts find no substantive distinction between the terms. Clearly, Arkansas drafters expressed a preference in selecting the term "reasonable cause," but intended no substantive distinction.

In issuing the search warrant, the magistrate followed the dictates of A.R.Cr.P. Rule 13.1(d) in finding reasonable cause based upon the statement of a police officer that he had conducted a controlled buy at appellant's residence on Kiehl Avenue and had received reports of drug sales at these premises. Considering the totality of the circumstances, the decision to issue the search warrant was proper. *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1986). Therefore, all evidence recovered pursuant to this warrant was properly before the court.

The appellant also argues that the small canister discarded by the appellant was improperly seized evidence. However, when the appellant abandoned the article, he abandoned any rights under the Fourth Amendment. *Cooper* v. *State*, 297 Ark. 478, 763 S.W.2d 645 (1989); *State* v. *Tucker*, 268 Ark. 427, 597 S.W.2d 584 (1980). We affirm the trial judge's denial of the appellant's motions to suppress evidence.

AFFIRMED.