Raymond A. THOMPSON *v.* STATE of Arkansas

CR 90-159                                                797 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered October 22, 1990
[Rehearing denied December 3, 1990.]

*Paul Petty* and *Robert Meurer*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the appellant's conviction of DWI, first offense. Appellant was sentenced to thirty days imprisonment with twenty-five days suspended on the condition that he attend and complete DWI school and not commit an alcohol-related offense within the next six months. Also, he was fined $550.00 and his driver's license was suspended for ninety days. As his sole issue on appeal, the appellant argues that the trial court erred in denying his pretrial motion to suppress because of an unlawful detention and arrest. We disagree, and therefore affirm.

The facts leading to the appellant's arrest for DWI are undisputed. While on patrol at 1:30 a.m., Searcy Police Officer Robert Parsons noticed the appellant's car parked legally with its lights on and the motor running. The car was parked on Center Street, which is located adjacent to the parking lot for the Townhouse Apartments. When Officer Parsons passed by again at 1:40 a.m., appellant's car was still parked with its lights on and motor running. Officer Parsons stopped his car behind appellant's and approached the appellant's car to investigate. At the suppression hearing, Officer Parsons stated the reasons he stopped to investigate were that there might be something wrong with the driver, there might be something going on that shouldn't be going on, or someone might be going through cars on the parking lot.

When Officer Parsons approached the parked car, he found the appellant and a woman sitting in the car. In answer to the officer's inquiry, the appellant volunteered that he had been to a club and was taking his girlfriend home. After smelling alcohol on the appellant, Officer Parsons asked the appellant to step out of the car. The appellant stumbled and was unable to perform a sobriety test. At this time, the appellant was informed that he was under arrest for DWI.

In his motion to suppress and here on appeal, the appellant contends that Officer Parsons' approaching his parked car consti-

tuted a seizure or detention and that this seizure was unlawful under the fourth amendment because the officer had no reason to suspect that the appellant had committed or was about to commit a crime. The appellant's argument is contrary to established fourth amendment law. Because this court has never addressed this argument, we take this opportunity to clarify the law in this area.

Not all personal intercourse between policemen and citizens involves "seizures" of persons under the fourth amendment. *See Terry* v. *Ohio*, 392 U.S. 1 (1967). A "seizure" occurs when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. *Id.*

Police-citizen encounters have been classified into three categories. *See U.S.* v. *Hernandez*, 854 F.2d 295 (8th Cir. 1988). The first and least intrusive category is when an officer merely approaches an individual on a street and asks if he is willing to answer some questions. Because the encounter is in a public place and is consensual, it does not constitute a "seizure" within the meaning of the fourth amendment. *Id.* The second police encounter is when the officer may justifiably restrain an individual for a short period of time if they have an "articulable suspicion" that the person has committed or is about to commit a crime. *Id.* The initially consensual encounter is transformed into a seizure when, considering all the circumstances, a reasonable person would believe that he is not free to leave. The final category is the full-scale arrest, which must be based on probable cause. *Id.*

Here, Officer Parsons' approach to investigate the appellant's car parked in a public place fits into the first category, and thus is not a "seizure" within the meaning of the fourth amendment. *See* W. LaFave, *Search & Seizure*, § 9.2(h), at 408-09 (1987); *see also* cases cited therein *Atchley* v. *State*, 393 So.2d 1034 (Ala. Crim. App. 1981) (court held there was no seizure under the fourth amendment where the police, having no knowledge of any criminal activity in the area, approached a car legally parked with its lights off after midnight and asked the driver if there was any problem and for some identification); *State* v. *Harlan*, 301 N.W.2d 717 (Iowa 1981) (court held there was no seizure, where a police officer stopped behind and approached the defendant's parked car and observed that the defendant had

bloodshot eyes and smelled of alcohol. Although the officer had no reports of crime in the area, had not seen the defendant commit any crimes, or suspected him of committing any specific crime, the officer felt the defendant was trying to evade him earlier when the officer had passed his car); and *State* v. *Vohnoutka*, 292 N.W.2d 756 (Minn. 1980) (court held no stop or seizure where officers saw driver of a motor vehicle shut off the car's lights and drive into a parking lot of a closed served station and approached the car and asked the defendant if anything was wrong and subsequently discovered marijuana in the car).

The authority for a police officer to act in this type of nonseizure encounter is recognized in A.R.Cr.P. Rule 2.2(a), which provides the following:

> A law enforcement officer may request any person to furnish information or otherwise cooperate in the investigation or prevention of crime. The officer may request the person to respond to questions, to appear at a police station, or to comply with any other reasonable request.

After observing a car with its lights on and motor running parked in the early morning hours in the same place for ten minutes, Officer Parsons acted properly in approaching appellant's car and asking the appellant "what the problem was." At this point, the record does not show that Officer Parsons restrained the liberty of the appellant by means of physical force or a show of authority. The officer did not approach the car exhibiting a weapon or ordering the appellant out of his vehicle. Thus, there was no "seizure" under the fourth amendment. The "seizure" of the appellant occurred only after the officer addressed the appellant and noticed the odor of alcohol after appellant volunteered he had been at a club. Then, the officer had a reasonable suspicion that the appellant had committed or was about to commit a DWI and properly asked him to exit his car. *See* A.R.Cr.P. Rule 3.1. In making an independent determination based upon the totality of the circumstances, we affirm the trial court's denial of the appellant's motion to suppress. *See Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989).[1]

---

[1] In so holding, we further note the Arkansas Court of Appeals has decided two cases where the police officers' authority to approach a parked vehicle has been affirmed under

For the reasons stated above, we affirm.

Rule 2.2(a). *See Adams* v. *State,* 26 Ark. App. 15, 758 S.W.2d 709 (1988); *Blakemore* v. *State,* 25 Ark. App. 335, 758 S.W.2d 425 (1988).