Carl RABUN v. STATE of Arkansas

CA CR 91-106                821 S.W.2d 62

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1991

*William R. Simpson, Jr.*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant, Carl Rabun, was charged with possession of a controlled substance (cocaine) with intent to deliver, but was convicted in a bench trial of the lesser included offense of possession of a controlled substance, for which he was sentenced to three years in prison. As his only point of error, appellant contends that the trial court erred in denying his motion to dismiss based on the lack of reasonable cause for the police officers involved to have stopped and detained him. We affirm.

Since this case was tried before the court, the trial judge took up the matter of appellant's motion to dismiss, which we take as a motion to suppress, at the same time he heard the evidence at trial. The record reflects that Little Rock Police Officers Roger Cox and John Merritt came into contact with appellant while on patrol at around 4:20 in the afternoon on May 9, 1990. At roll call earlier that day, the officers had been informed that drug trafficking was taking place on the corner of Wolfe and Wright Streets. Driving through this area, they noticed appellant and two

others congregated on this street corner. Officer Cox testified that as he and Officer Merritt were pulling up to the curb in the patrol car, he observed appellant crush a cigarette package in his hand and throw the package onto the ground. Upon exiting the patrol car, the officers asked the appellant and the others for identification and they conducted a pat-down search of each of them. Officer Merritt picked up the cigarette package discarded by appellant, and it was found to contain what appeared to be cocaine. Appellant was then arrested. Based on this evidence, the trial court denied appellant's motion to suppress.

Relying primarily on Ark. R. Crim. P. 3.1, appellant argues that the officers lacked reasonable suspicion to stop and detain him and that the fruits thereof should have been suppressed. We need not decide that question, however, because we conclude that the discovery of the contraband was a product of neither a "seizure" nor a "search" within the meaning of the fourth amendment.

Not all personal intercourse between policemen and citizens involve "seizures" of persons under the fourth amendment. *Thompson* v. *State*, 303 Ark. 407, 797 S.W.2d 450 (1990) [(*citing Terry* v. *Ohio*, 392 U.S. 1 (1967)]. A person has been seized within the meaning of the fourth amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States* v. *Mendenhall*, 446 U.S. 544 (1980). If there is no detention — no seizure within the meaning of the fourth amendment — then no constitutional rights have been infringed. *Florida* v. *Royer*, 460 U.S. 491 (1983). In our view, the issue here is whether appellant was "seized" when he discarded the package containing the contraband.

The facts in the case at bar are similar in certain respects to those found in the Supreme Court's decision in *Michigan* v. *Chesternut*, 486 U.S. 567 (1988), where the question before the Court was whether an "investigatory pursuit" of a person undertaken by the police amounted to a seizure under the fourth amendment. There, police officers riding in a marked police cruiser were on routine patrol when they saw a man get out of a car, which had pulled up at an intersection, and approach Chesternut, who was standing alone on the corner. When

Chesternut saw the patrol car nearing the corner where he stood, he began to run. The officers followed him around the corner and drove along side him for a short distance. As they drove beside him, Chesternut discarded a number of packets that he pulled from his pocket. One of the officers got out of the car to examine the packets, and he determined that the packets held pills that the officer believed to contain codeine, based on his experience as a paramedic. Chesternut, who had stopped a few feet away, was then arrested.

With reference to the test set out in *United States* v. *Mendenhall, supra*, the Court concluded that the conduct of the police, although admittedly intimidating, did not constitute a seizure, as it would not have communicated to a reasonable person that he was not at liberty to ignore the presence of the police. Because Chesternut had not been seized during the initial pursuit, the suppression of evidence was not warranted.

We think the same is true in this case. The officers here were merely approaching the curb in the patrol car when appellant discarded the contraband. There is no indication from the record that the officers had activated the siren or had turned on the flashing lights, or had engaged in any other activity which would lead a reasonable person to believe that he was not free to leave. Since appellant disposed of the package containing the contraband prior to his being detained by the police, it cannot be said that the discovery of the contraband was the fruit of detention, legal or otherwise.

■■ Moreover, a defendant's right to challenge a search and seizure as being violative of the fourth amendment is based upon the existence of a legitimate expectation of privacy. *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989). When appellant discarded the package, he abandoned any rights he possessed under the fourth amendment. *See Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). The seizure of abandoned items, as in cases where police have conducted an inventory, is said to be a seizure "without a search." *See Webb* v. *State*, 269 Ark. 415, 601 S.W.2d 848 (1980). In sum, we hold that the seizure of the contraband was not a product of an unlawful search, or seizure.

■ In reviewing a trial judge's decision on a motion to suppress, this court makes an independent determination based

upon the totality of the circumstances, but will reverse the trial court's ruling only if that ruling was clearly against the preponderance of the evidence. *Jackson* v. *State*, 34 Ark. App. 4, 804 S.W.2d 735 (1991). We cannot say that the trial court's denial of appellant's motion to suppress was clearly against the preponderance of the evidence, and we affirm.

Affirmed.

CRACRAFT, C.J., and JENNINGS, J., agree.