Clemmie STEWART *v.* STATE of Arkansas

CA CR. 92-1043                          853 S.W.2d 286

Court of Appeals of Arkansas
Division I
Opinion delivered May 12, 1993

*William R. Simpson, Jr.,* Public Defender, by: *Phyllis A. Edwards,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Cathy Derden,* Asst. Att'y. Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Clemmie Stewart was found guilty by a Pulaski County jury of possession with intent to deliver and was sentenced by the court to thirty years imprisonment as an habitual offender. The sole contention on appeal is that the cocaine was obtained by the police as a result of an unlawful seizure and thus Stewart's motion to suppress should have been granted. We find no error and affirm.

On the evening of December 13, 1991, Little Rock police officers Austin Lynch and Johnny Gravett were on patrol on Scott Street in an area where they knew drugs were sold. Lynch saw a man, later identified as Clemmie Stewart, standing in front of the apartments at 2301 Scott. Lynch saw that Stewart had in his hand a plastic bag that appeared to contain Domino matchboxes. Officer Lynch testified that "It's a common practice for people that sell narcotics to keep their drugs in Domino matchboxes." When Stewart started walking away, Lynch and Gravett got out of their police car and Gravett told Mr. Stewart to stop. Instead of

stopping, Stewart began to run and Lynch began to chase him.

Stewart ran into the apartment building and up a flight of stairs with Lynch following. When Officer Lynch reached the top of the stairs he saw Stewart enter an apartment.[1] Stewart then came out of the apartment without the plastic bag. Lynch stopped him in the hall, and through the open door could see the plastic bag of matchboxes lying on a dresser. Officer Lynch went into the apartment and picked up the bag. The bag contained three Domino matchboxes, each of which contained crack cocaine.

Rule 3.1 of the Arkansas Rules of Criminal Procedure provides:

A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

A "reasonable suspicion" need not rise to the level of probable cause, but it must amount to more than a "purely conjectural suspicion." Ark. R. Crim. P. 2.1. Stewart's argument is that the officers lacked reasonable suspicion that he was about to commit a felony and that he was "seized" by the officers when he became aware they were chasing him. Appellant relies primarily on *In re Hodari D.*, 265 Cal. Rptr. 79 (Cal. Ct. App. 1989). There the California Court of Appeals held that a suspect had been "seized" when he saw an officer running toward him. After the California Supreme Court denied the state's application for review, the case was appealed to the United States Supreme Court which reversed the decision of the California Court of Appeals. *California* v. *Hodari D.*, 499 U.S. ___, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991). The supreme Court found it unnecessary to decide the question of whether the officer's pursuit was based on reasonable suspicion and viewed the sole issue as

---

[1] The defendant did not contend the apartment was his.

whether, at the time Hodari dropped the drugs, he had been "seized" within the meaning of the Fourth Amendment. The Supreme Court held that the chasing of the suspect did not constitute a seizure. That decision controls the case at bar.

Since Stewart had not been seized at the time he abandoned the cocaine, the trial judge properly overruled the motion to suppress. *See California* v. *Hodari D.*, 499 U.S. ___ (1991); *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). When appellant discarded the plastic bag, he abandoned any rights he possessed under the Fourth Amendment. *Rabun* v. *State*, 36 Ark. App. 237, 821 S.W.2d 62 (1991). Like the Supreme Court in *Hodari*, we find it unnecessary to decide the question whether the officers had a reasonable suspicion to stop the appellant.

Affirmed.

COOPER and MAYFIELD, JJ., agree.