James Eldridge PHILLIPS *v.* STATE of Arkansas

CA CR 95-379                                918 S.W.2d 721

Court of Appeals of Arkansas
Division III
Opinion delivered March 20, 1996

*Robert Meurer,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. James Phillips was charged with possession of a controlled substance, methamphetamine. After a pretrial motion to suppress evidence was denied, Phillips entered a conditional plea of guilty under Ark. R. Crim. P. 24.3(b). He was sentenced to three years' imprisonment with eighteen months suspended.

Phillip Hydron, a White County Deputy Sheriff, testified at

the suppression hearing. He stated that on November 25, 1993, he was on patrol near Higginson when he saw a van stopped in the middle of the road. He said that the van appeared to have a problem, so he stopped to investigate. When appellant rolled down the driver's side window, Officer Hydron smelled marijuana.

Officer Hydron asked appellant for his driver's license, and appellant began flipping through his billfold to retrieve it. Hydron said that he saw a plastic package rolled up in appellant's wallet. When asked what was in the package, appellant shrugged his shoulders. Then the officer asked about the smell of marijuana and appellant said that he and his buddy had smoked some earlier that day. Officer Hydron asked for the plastic package, and appellant gave it to him. There was what appeared to be marijuana inside the package. Hydron read appellant his Miranda rights and arrested him for possession of a controlled substance.

After he placed appellant in the patrol car, Officer Hydron conducted a search of the van. In a jacket, he found a pipe used for smoking marijuana. In another jacket, he found a syringe, a spoon, some cotton, and a white plastic package filled with white powder.

At the detention center, appellant was again advised of his rights. Appellant then gave a statement in which he admitted that the marijuana and the drug paraphernalia were his. He also admitted that the white powder was his and that it was methamphetamine.

Appellant argues that the trial court erred in refusing to grant his motion to suppress the evidence discovered by the officer because he had not been lawfully detained or arrested prior to the discovery of the marijuana in his wallet. He also argues that the evidence should have been suppressed because the searches of both his wallet and his van were unlawful.

In reviewing a trial court's denial of a motion to suppress evidence, we make an independent determination based on the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Roark* v. *State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994); *Bond* v. *State*, 45 Ark. App. 177, 873 S.W.2d 569 (1994).

We first address appellant's contention that he was illegally detained by Officer Hydron. Appellant argues that Ark. Code Ann.

§ 16-81-204(a) (1987), Ark. R. Crim. P. 3.1, and the Fourth Amendment require that an officer must reasonably suspect that a person is committing, has committed, or is about to commit a crime before he can detain that person. However, not all personal intercourse between policemen and citizens involves "seizures" of persons under the fourth amendment. *Thompson v. State*, 303 Ark. 407, 797 S.W.2d 450 (1990). Likewise, not all personal intercourse between policemen and citizens involves a detention under Ark. Code Ann. § 16-81-204(a) (1987) and Ark. R. Crim. P. 3.1. *See Thompson, supra; Adams v. State*, 26 Ark. App. 15, 758 S.W.2d 709 (1988); and Ark. R. Crim. P. 2.2(a).

■ Although Officer Hydron testified that he would have been suspicious if appellant had attempted to leave after Hydron stopped and walked toward appellant's van and that he would still have wanted to question him, the officer's subjective intention is not dispositive of whether there has been a seizure. Whether a person has been seized within the meaning of the Fourth Amendment depends on whether, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *Smith v. State*, 321 Ark. 580, 906 S.W.2d 302 (1995) (citing *United States v. Mendenhall*, 446 U.S. 544, *reh'g denied*, 448 U.S. 908 (1980)). We find this reasoning persuasive and hold that this is also the standard to determine whether a person has been detained under Ark. Code Ann. § 16-81-204(a) (1987) and Ark. R. Crim. P. 3.1.

■ The result in this case is controlled by the holding in *Thompson v. State*, 303 Ark. 407, 797 S.W.2d 450 (1990), in which the Arkansas Supreme Court found that it was not a seizure under the Fourth Amendment for a police officer to approach a car parked in a public place to determine whether there was anything wrong. Just as in *Thompson, supra*, there is no evidence in the record indicating that the officer restrained the liberty of the appellant by means of physical force or a show of authority. Thus, there was no "seizure" under the fourth amendment and no detention under Ark. Code Ann. § 16-81-204(a) (1987) and Ark. R. Crim. P. 3.1 until after the van window was rolled down and Officer Hydron smelled marijuana.

■ Once appellant had rolled down the window and Officer Hydron smelled marijuana, the officer had a reasonable suspicion that the occupants of the van were committing, had committed, or

were about to commit a crime. This authorized the officer to detain them for a reasonable time under Ark. R. Crim. P. 3.1 in order to verify their identification or determine the lawfulness of their conduct. *Adams, supra.* Thus, appellant's claim that he was illegally detained is without merit.

Appellant's second contention is that the trial court should have suppressed the evidence because the officer did not articulate any of the factors contained in Ark. Code Ann. § 16-81-203 (1987) as a basis for his seizing and searching the cellophane which he had observed in appellant's wallet. Ark. Code Ann. § 16-81-203 allows police officers to conduct a warrantless search of a person who has been detained if he reasonably suspects that the person is armed and presently dangerous to the officer or others. Although it is true that Ark. Code Ann. § 16-81-203 would not justify a warrantless search in this case, the plain-view exception to the warrant requirement rendered the warrantless search lawful.

Under the plain-view doctrine, seized evidence is admissible when the initial intrusion was lawful, the discovery of the evidence was inadvertent, and the incriminating nature of the evidence was immediately apparent. *Bond, supra.* As previously discussed, Officer Hydron's intrusion was lawful. He stated that he noticed the cellophane package rolled up in appellant's wallet when appellant was flipping through it to find his driver's license; therefore, the discovery was inadvertent. The incriminating nature of the package was immediately apparent in light of the fact that the officer smelled marijuana, the fact that appellant admitted to having smoked marijuana earlier in the day, and the fact that a suspicious packet was rolled up in appellant's wallet. *See Washington v. State,* 42 Ark. App. 188, 856 S.W.2d 631 (1993). Therefore, the trial court did not err in failing to grant appellant's motion to suppress the marijuana.

Appellant's final contention is that the trial court erred in refusing to suppress the methamphetamines seized when Officer Hydron searched the van and to suppress the confession given by appellant after his arrest. Appellant contends that the officer's warrantless search of the van violated his Fourth Amendment rights because the officer did not articulate any reason to suspect that the van contained items subject to seizure or that the van contained weapons. This argument fails because an officer, incident to a lawful custodial arrest of the occupants of a vehicle, may contemporane-

ously search the passenger compartment and any containers found within the passenger compartment of the vehicle. *Stout* v. *State*, 320 Ark. 552, 898 S.W.2d 457 (1995); *Miller* v. *State*, 44 Ark. App. 112, 868 S.W.2d 510 (1993).

Affirmed.

MAYFIELD and NEAL, JJ., agree.