Arley David MATHIS *v.* STATE of Arkansas

CA CR 00-551                                          40 S.W.3d 816

Court of Appeals of Arkansas
Division I
Opinion delivered March 14, 2001

*Robert Scott Parks*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Arley David Mathis appeals the trial court's denial of his motion to suppress the admission into evidence certain items that were seized from both his person and vehicle. For reversal, appellant argues that the denial of his suppression motion was in error because: (1) the initial stop violated Ark. R. Crim. P. 3.1(2), because the police lacked reasonable suspicion; (2) the search warrant did not justify the stopping and searching of appellant; (3) the pat-down search that resulted in the discovery of a controlled substance and pipe violated *Terry v. Ohio*, 392 U.S. 1 (1968); (4) the search of appellant's person was not incidental to a lawful arrest in that the officer could not recall placing appellant under arrest after the weapon was produced, the officer failed to comply with Ark. R. Crim. P. 4.4, and the officer repeatedly testified that the search warrant was the authority on which he relied to search appellant; and (5) the trial court's decision was contrary to the prohibition against unreasonable searches and seizures and it was tantamount to concluding that a warrant to search a particular place can also constitute an authorization for an officer to stop and detain other persons in the vicinity to determine whether they were connected to a crime.

During the course of a search of a particular place pursuant to a warrant, appellant was stopped and detained after he drove his vehicle near[1] the place being searched. According to the arresting officer's testimony, he searched appellant's vehicle because such a search was authorized by the search warrant he was executing.[2] The

---

[1] According to the arresting officer's testimony, appellant was stopped and detained approximately twenty to thirty yards from the caboose that was being searched.

[2] The search warrant, in pertinent part, stated:

> [The affiant] has reason to believe that on the premises known as the caboose at Simpson Lake, including all person, vehicles, and outbuildings, in the County of White, State of Arkansas, there is now being concealed certain property, namely methamphetamine, items used to manufacture methamphetamine including but not limited to tablets containing pseudoephedrine or ephedrine, anhydrous ammonia, firearms, and items used to weigh, package, and consume methamphetamine, which are being possessed illegally as described in statutes 5-64-401 and 5-64-403 of the Arkansas State Statutes.

officer also testified that he did not reasonably suspect that appellant was either committing or was about to commit a crime because he was in close proximity to the place being searched. In addition, despite the fact that he did not provide the nature of his knowledge of appellant, the officer testified that he knew appellant, which added to his suspicion.

The officer advised appellant that a search of the place was being conducted and told him to step out of his car and advised him of his *Miranda* rights. Appellant was asked whether he had any weapons, and he acknowledged that in fact he did have a .380 pistol on his person and a shotgun in a box inside the vehicle. Despite the fact that he could not specifically recall telling appellant he was under arrest, the officer at this point considered appellant to be under arrest because he was carrying a concealed weapon. The officer searched appellant's person and found two small bags of white powder and a marijuana pipe. Thereafter, the officer also searched the vehicle and found a box that contained two bags of marijuana and a sawed-off shotgun.

Appellant's suppression motion sought to have those items seized during the detainment excluded from evidence. Following the hearing on the motion, the trial court denied appellant's suppression motion, reasoning that the search and seizure was lawful because it was incidental to a lawful arrest. Thereafter, appellant entered a conditional guilty plea commensurate with Ark. R. Crim. P. 24.3(b), and was sentenced to 144 months in the Arkansas Department of Correction for possession of both methamphetamine and marijuana, simultaneous possession of drugs and firearms, and criminal use of a prohibited weapon. From the denial of the suppression motion, comes this appeal.

---

The caboose is located approximately 200 yards north of State Highway (SH) 11 between Morning Sun and Higginson. The driveway to the caboose is approximately 8/10 mile east of the intersection of SH 367 and SH 11. A sign is located at the south end of the driveway which is marked Simpson Lake.

I am satisfied there is probable cause to believe the property so described is being concealed on or in person, premises, vehicle above described and the foregoing grounds for application for issuance of the search warrant exist.

YOU ARE HEREBY COMMANDED to search forthwith the premises described above, including all persons, vehicles, and outbuildings, for the property specified, serving this warrant and if the property be found there to seize it, and prepare a written inventory of the property seized and return this warrant and bring the property as required by law. . . .

■ If, following an independent determination based on the totality of the circumstances, we conclude that a denial of a suppression motion was clearly against the preponderance of the evidence, then we will reverse. *See, e.g., Welch v. State*, 330 Ark. 158, 164, 955 S.W.2d 181, 183 (1997). In our view, the trial court's finding that the search and seizure at issue was incidental to a lawful arrest was clearly erroneous. Thus, we reverse and remand.

■■ Our law regarding the circumstances that an officer can detain an individual is found at Ark. R. Crim. P. 3.1, which provides:

> [a] law enforcement officer lawfully present in any place may, in the performance of his duties stop and detain any person who he *reasonably suspects* is committing, had committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to person or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

(Emphasis added.) Moreover, if an officer has *reasonable cause* to believe that a person has committed a felony, then he can arrest the person without a warrant. *See* Ark. R. Crim. P. 4.1(a). Following such a lawful arrest, the officer, under certain circumstances, can "without a search warrant, conduct a search of the person accused . . . ." Ark. R. Crim. P. 12.1.

■ On a review of the entire evidence, we are left with a definite and firm conviction that the denial of the suppression motion was clearly against the preponderance of the evidence. We agree with the trial court that the search and seizure was not authorized by the warrant; however, we disagree with the lower court's conclusion that the search was incidental to a lawful arrest. Such a determination ignores the arresting officer's initial contact with appellant, which we conclude was in the form of a detainer, as provided for in Ark. R. Crim. P. 3.1. In our view, the officer's actions — telling appellant the area was being searched, asking him to exit his vehicle, and asking him whether he had weapons on him — would lead a reasonable person to believe that he was not free to leave. *See Phillips v. State*, 53 Ark. App. 36, 39, 918 S.W.2d 721, 723 (1996). Accordingly, our inquiry must turn to whether there was reasonable suspicion to justify appellant's detainment.

The evidence fails to demonstrate that the detaining officer had more than a bare suspicion that appellant either had committed or was about to commit any wrongdoing.[3] The officer initially testified that his actions were motivated by his understanding that the search warrant authorized such action. However, the officer later testified that he gave the *Miranda* warnings because he knew appellant and also knew that methamphetamine had been manufactured at the place being searched.

While we agree that it was justifiable to establish and secure a reasonable perimeter to insure the safety of the law enforcement officers that were conducting the lawful search, we do not agree with appellee that an officer is justified in detaining and searching an individual or his vehicle simply because he is approaching this perimeter from the outside. The notion that under any circumstances a person can be subject to a warrantless search merely because he was approaching such a perimeter is inconsistent with the principle that an individual is free from unreasonable searches and seizures.

Appellee argues that pursuant to Ark. Code Ann. § 16-81-203 (1987), the officer who made initial contact was reasonably suspicious because of the time of day and appellant's proximity to known criminal conduct. Appellant's arrest, however, happened at a time that, by itself, is not unusual (approximately 10:00 p.m.), and appellant's proximity to the place that was allegedly known to the police for criminal conduct, alone, does not create more than a bare suspicion and, therefore, does not provide a sufficient basis to constitute reasonable suspicion. Moreover, it is important to note that these facts may only establish the sixth and eleventh of the fourteen factors listed in Ark. Code Ann. § 16-81-203.[4] Furthermore, to

---

[3] Rule 2.1 of the Ark. R. Crim. P. provides:

For the purposes of this Article, unless the context otherwise plainly requires:"Reasonable suspicion" means a *suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion;* that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion.

(Emphasis added.)

[4] Act 378 of 1969, as codified at Ark. Code Ann. § 16-81-203, provides that:

The following are among the factors to be considered in determining if the officer has grounds to "reasonably suspect":

(1) The demeanor of the suspect;
(2) The gait and manner of the suspect;
(3) Any knowledge the officer may have of the suspect's background or character;

support the officer's grounds for reasonable suspicions, each of these factors must be considered together with the surrounding circumstances to determine whether reasonable suspicion exists. In our view, reasonable suspicion does not exist merely because a person acts in the manner appellant acted.

■ Although we are mindful that our decision could keep certain items from the finder-of-fact's consideration, we are convinced that to conclude otherwise would exact too high a cost inasmuch as such a decision would be contrary to the principles embodied in the Fourth and Fourteenth Amendments to the United States Constitution. Objectively speaking, there are a host of legitimate reasons that various persons — either purposefully or accidentally — could be found in such a similar place and at such a similar time. Under the circumstances of this case, we conclude that the trial court clearly erred in finding that the officer had reasonable suspicion to detain appellant.

Reversed and remanded.

PITTMAN and VAUGHT, JJ., agree.

---

(4) Whether the suspect is carrying anything, and what he is carrying;

(5) The manner in which the suspect is dressed, including bulges in clothing, when considered in light of all of the other factors;

(6) The time of the day or night the suspect is observed;

(7) Any overheard conversation of the suspect;

(8) The particular streets and areas involved;

(9) Any information received from third persons, whether they are known or unknown;

(10) Whether the suspect is consorting with others whose conduct is "reasonably suspect";

(11) The suspect's proximity to known criminal conduct;

(12) Incidence of crime in the immediate neighborhood;

(13) The suspect's apparent effort to conceal an article;

(14) Apparent effort of the suspect to avoid identification or confrontation by the police.