SLIP OPINION       Cite as 2017 Ark. App. 107



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-635

| | | |
|---|---|---|
| ROBERT MARTIN | | **Opinion Delivered** February 22, 2017 |
| | APPELLANT | APPEAL FROM THE CALHOUN COUNTY CIRCUIT COURT [NO. 07CR-12-32] |
| V. | | |
| | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Robert Martin was convicted by a Calhoun County jury of trafficking a controlled substance (methamphetamine) and simultaneous possession of drugs and firearms. He was sentenced as a habitual offender to a total of fifty years' imprisonment in the Arkansas Department of Correction. On appeal, Martin challenges only the trial court's denial of his motion to suppress. We affirm.

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Franklin v. State*, 2010 Ark. App. 792, 378 S.W.3d 296. We defer to the superior position of the circuit court to pass on the credibility of witnesses and will reverse only if the circuit court's ruling is clearly against the

preponderance of the evidence. *Id.* With these standards in mind, we turn our attention to the evidence before the circuit court.

In October 2012, Officer Vernon Morris, an off-duty wildlife officer with the Arkansas Game and Fish Commission, was driving through a wildlife-management area when he observed a black Chevrolet pickup truck with a sixteen-foot trailer filled with scrap metal parked near an area routinely used for illegal dumping. Martin was standing in front of the truck, which had its hood raised. Officer Morris stopped to see if Martin needed assistance. Martin replied that he had just stopped to use the restroom.

Because Martin denied any need for assistance, Officer Morris continued on his way. However, because Martin's response seemed odd, Officer Morris took note of the truck's license plate and contacted Calhoun County Sheriff's Deputy Terry Clark to alert him. He suggested that Deputy Clark check things out if he had the opportunity.

Consequently, Deputy Clark drove to the location and observed the truck in the same location with the hood still open. Martin was still standing in front of the truck. Deputy Clark pulled up, rolled down his window, and asked if Martin was having car trouble. Martin advised Clark that he had had some trouble and that he had pulled over to use the restroom. Clark inquired into the scrap iron in the trailer, to which Martin responded that he had picked the scrap metal up in a neighboring county. Clark informed Martin that there had been thefts of scrap iron and asked if he could check it out to make sure everything was in order. Clark asked for Martin's identification, and Martin complied, retrieving his ID from his truck.

Deputy Clark ran a criminal-records check on Martin, which came back detailing an extensive criminal history. At that point, Deputy Clark stepped from his vehicle. When he stepped out of his car, Deputy Clark could see into Martin's truck and observed the butt of a pistol sticking out from under the armrest.

When asked, Martin admitted that the pistol was his and that he used it when he was bow hunting. Deputy Clark asked Martin to walk to the front of the truck while he retrieved the weapon. While retrieving the weapon, Deputy Clark found two Ziploc bags of methamphetamine (one large and one small) and another pistol. Deputy Clark then placed Martin under arrest.

Prior to trial, Martin moved to suppress the evidence discovered during the search of his vehicle on the basis that his interaction with Deputy Clark violated Rules 2.2 and 3.1 of the Arkansas Rules of Criminal Procedure. The trial court denied his motion.

Martin was subsequently convicted of trafficking a controlled substance and simultaneous possession of drugs and firearms. Martin appeals his convictions, alleging that the trial court improperly denied his motion to suppress. He contends that his encounter with the police was impermissible under the law.

Police-citizen encounters have been classified into three categories. The first category is contemplated by Rule 2.2 of the Arkansas Rules of Criminal Procedure where law enforcement approaches a citizen to obtain information or cooperation in aid of an investigation or the prevention of crime. This occurs, for example, when an officer merely approaches an individual on a street and asks if he is willing to answer some questions.

*Thompson v. State*, 303 Ark. 407, 409, 797 S.W.2d 450, 451 (1990). This approach does not rise to the level of being a seizure and is the least intrusive of the three categories. The second category is contemplated by Rule 3.1 of the Arkansas Rules of Criminal Procedure. This second type of encounter occurs when the officer justifiably restrains an individual for a short period of time because the officer has a reasonable, articulable suspicion that the person has committed or is about to commit a crime. The final category is the full-scale arrest, which must be based on probable cause. *Scott v. State*, 347 Ark. 767, 67 S.W.3d 567 (2002).

Martin first argues that the evidence in this case was obtained in violation of Arkansas Rule of Criminal Procedure 2.2. Martin agrees that Rule 2.2 authorizes an officer to request information or cooperation from citizens, where the approach of the citizen does not rise to the level of being a seizure and where the information or cooperation sought is in aid of an investigation or the prevention of crime. However, Martin takes the position that the officer's request for his identification in this case violated Rule 2.2 because the request was not based on any investigation or prevention of a particular crime.

Martin is incorrect. There was evidence that Martin's truck and sixteen-foot trailer filled with scrap metal was parked in an area routinely used for illegal dumping. Detective Clark further testified that he was concerned with the amount of scrap metal in the trailer due to reports of recent thefts in the area. Either of these reasons would support a permissible request for identification pursuant to Rule 2.2. As a result, the initial investigation and request for identification was justified pursuant to Rule 2.2, as the officer merely engaged in a consensual conversation with Martin to determine if he was involved in criminal activity.

4

After reviewing Martin's identification, Deputy Clark stepped out of his vehicle and, in plain view, observed a weapon in Martin's truck. Because Martin had an extensive criminal history, Clark possessed the reasonable suspicion necessary at that time to justify detaining Martin pursuant to Rule 3.1 to determine the lawfulness of his possession of a firearm. The discovery of the other firearm and the large amounts of methamphetamine resulted from the officer's subsequent investigation. Because the initial stop and subsequent discovery of the contraband were permissible, we affirm the circuit court's denial of Martin's motion to suppress.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

SLIP OPINION