CITY OF LAWRENCE *vs.* INHABITANTS OF METHUEN.

Essex.    November 2, 1904. — April 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Opinion: experts.   *Witness.   Pauper.   Words*, "Shall."

Upon the question of the reasonableness of a charge for medical attendance upon a smallpox patient at the attending physician's house in a city, it is within the discretion of the presiding judge to find disqualified as an expert one who has been an overseer of the poor and a member of the board of health of an adjoining town and who has on several occasions employed several physicians in the treatment and care of smallpox patients.

The provision of St. 1898, c. 425, § 2, (R. L. c. 80, § 6,) that "All persons absent from the Commonwealth of Massachusetts for ten years in succession shall lose their settlement" is not retroactive.

CONTRACT by the city of Lawrence against the town of Methuen for $1,200 paid for medical attendance, medicine and food and the board of a cook and nurse furnished for Frank H. Brown, afflicted with smallpox for twenty-four days in February, 1900, in the city of Lawrence and alleged to have a settlement in Methuen.   Writ dated January 20, 1902.

In the Superior Court the case was tried before *Holmes*, J. George O. Marsh, called as an expert witness for the defendant, testified that for the past sixteen years he had been an overseer of the poor and a member of the board of health of the town of Methuen, which adjoins Lawrence, and that during most of that time he had had charge of the poor department, and had the care of a number of smallpox patients, and that he had on several

occasions employed several physicians in the treatment and care of smallpox patients; that he was familiar with the prices charged by such physicians, that he knew what had been paid in several cases for the board and nursing of such patients and for medicines for them, and that he was familiar with the charges for all such services.   He was asked, "What would you consider, from your experience with smallpox patients, would be a reasonable compensation for maintaining a patient afflicted with smallpox in the house of Dr. O'Connor for the space of twenty-four days in February, 1900?"   The judge excluded the question on the ground that the witness was not qualified as an expert.   The defendant excepted, and offered to show that the price of $40 a day named by Dr. Magee, an expert who had testified for the plaintiff, was excessive, and that the ordinary compensation for the board and nursing, medicines and medical attendance and all expenses involved in the care of smallpox patients was much less than $40 a day.

The judge reported his findings as follows:

"I find that Isaac A. Brown, the father of Frank H. Brown, had a settlement in the town of Methuen; that he left Methuen in 1864, went to Vermont and enlisted as a soldier in the Civil War and served in the quota of Vermont, and lived in that State until 1877, when he went to California and died there in 1895; that Frank H. Brown, his son, was born in Vermont on May 19, 1875, and came to Lawrence in 1891, but never himself acquired a settlement in Massachusetts.   I am of opinion that Frank H. Brown derived a settlement through his father in the town of Methuen, and that although the father was never in the Commonwealth after 1864, yet the Act of 1898, c. 425, § 2, (R. L. c. 80, § 6,) is to be construed prospectively and does not affect his settlement.   I therefore find that Frank H. Brown had his settlement in Methuen at the time of his smallpox sickness.

"I find that Frank H. Brown was infected with smallpox at Lawrence on February 1, 1900; that he was then at the home of Dr. O'Connor and could not be removed therefrom without danger to his health, and that he there was treated for his sickness by the board of health.   If any notice was required I find that notice was given in writing that Brown was being treated

for smallpox and claim for reimbursement made therefor by the board of health of Lawrence, on the board of health and selectmen and overseers of the poor of Methuen, March 15, 1900, who replied March 23, 1900, denying his settlement; that the city of Lawrence paid for the expenses of treating Brown $1,200, which was paid to Dr. O'Connor and was for Dr. O'Connor's services as physician, and for the medicine and food of Brown and for the board of a cook and nurse attending him during his smallpox illness. I find that this expense was reasonable, and I find that neither Frank H. Brown nor his mother was able to pay such expense, and that he had no master."

The judge found for the plaintiff in the sum of $1,245.60, and refused to make certain rulings requested by the defendant. Among the rulings thus requested and refused were the following:

" 1. Upon all the evidence the plaintiff cannot recover."

" 3. The absence of Isaac Brown from this Commonwealth for ten consecutive years caused him to lose his settlement in Methuen, if he ever had one.

" 4. The absence of Frank H. Brown from this Commonwealth for ten consecutive years caused him to lose his settlement in Methuen, if he ever had one."

The case was argued at the bar in November, 1904, before *Knowlton*, C. J., *Lathrop*, *Barker*, *Hammond*, & *Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*W. Coulson*, ( *W. S. Knox* with him,) for the defendant.

*J. P. Kane*, for the plaintiff.

LORING, J.   1. The exception is not well taken to the finding that Marsh was not qualified as an expert.

What distinguishes the case at bar from *Kendall* v. *May*, 10 Allen, 59, is that no professional services were rendered in that case, while here the question called for an opinion on the amount reasonably due as compensation for the professional services of Dr. O'Connor.   We do not go so far as to say that one who is not a doctor could not qualify as an expert on the question of the reasonableness of the fees charged by a physician for medical services, yet the practical result which would follow if every one who had hired physicians or knew of the amount charged by them could be called as an expert on the question is a matter to be considered.

In the case at bar we cannot say that on the evidence before him the presiding judge did not find that Marsh's experience was confined to the fees charged by two or three physicians, on two or three occasions, in the treatment of smallpox cases which may have been quite unlike the case of smallpox in the action now before us, in a small town like Methuen, and consequently that he was not qualified to give an opinion on the reasonableness of the fee charged in this case by a physician in a city like the city of Lawrence. See *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303; *Phillips* v. *Marblehead*, 148 Mass. 326.

2. We are of opinion that the last clause of St. 1898, c. 425, § 2, now R. L. c. 80, § 6, is not to be construed to be retroactive.

The defendant contends that the word "shall" in the clause in question is not indicative of the future but of the imperative character of the provision in question ; that it is not expressive of time but is used to declare that the provision is a mandatory enactment ; and that the person who drafted the clause in question had his mind fixed on past settlements, as is shown by the previous clause of this section.

The section repealed by St. 1898, c. 425, § 2, was a section which made void all settlements acquired by any provision of law in force prior to February 11, 1794 ; and the first clause of St. 1898, c. 425, § 2, makes void all settlements not fully acquired after May 1, 1860.

It is however to be observed that the clause in question is altogether a new provision. There is no counterpart to it in the section repealed by the section in question. Also that the Legislature did not enact in terms that all persons absent from the Commonwealth for ten consecutive years shall be regarded as having lost their settlements, as the defendant asks us to hold was enacted by this section. What the Legislature did provide was that " all persons absent from the Commonwealth of Massachusetts for ten years in succession shall lose their settlement," in the words of the original act. St. 1898, c. 425, § 2. The use of the word " shall " in the clause in question is in contrast with the words " are hereby defeated and declared to be lost," found in the earlier clause of the section which deals with past settlements. In other words, so far as language goes, the two clauses are not similar but are in contrast with each other.

We see nothing here to take this section out of the general rule that even in a pauper settlement act the word "shall" *prima facie* refers to the future.    *Worcester* v. *Barre*, 138 Mass. 101.

*Exceptions overruled.*