FORT SMITH GAS COMPANY v. KINCANNON, JUDGE.

4-6404                                                 150 S. W. 2d 968

Opinion delivered April 14, 1941.

217

*R. A. Young, Jr.,* and *Daily & Woods,* for appellant.

*Partain & Agee* and *G. L. Grant,* for appellee.

*Paul E. Gutensohn* and *Warner & Warner, amici curiae.*

SMITH, J. Dr. A. F. Hoge is and for a number of years has been a resident of Sebastian county in which county he sustained, on July 22, 1940, a personal injury, which he alleged was occasioned by the negligence of the Fort Smith Gas Company, a corporation, hereinafter referred to as petitioner. On November 4, 1940, he filed suit in the Crawford circuit court against petitioner to recover damages to compensate this injury, and obtained service of summons upon petitioner according to

the venue laws as they existed on that date. The service of summons was had on the day on which the suit was filed.

At the 1939 session of the General Assembly, act 314 was passed, entitled, "An act to fix the venue of actions for personal injury and death." This act, exclusive of its emergency clause, which failed of adoption, reads as follows:

"Section 1. All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service.

"Section 2. This act shall not repeal any provision for venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed."

Upon proper petitions the act was referred to the people to be voted upon at the ensuing general election held November 5, 1940, and it was not, therefore, a law when the suit was filed.

After the adoption of the act by the electorate of the state, and before the trial of the cause, petitioner moved to dismiss the pending case, upon the ground that the Crawford circuit court had lost jurisdiction thereof. This motion was overruled, whereupon the defendant petitioner applied here for a writ of prohibition against the judge of the Crawford circuit court.

Act 314 is a venue act, and its purpose and effect is to localize personal injury actions; but the respondent circuit judge says that the act does not apply here, for the reason that the complaint had been filed and service thereon had in accordance with the law as it existed prior to the passage of act 314. His insistence is that

it was the legislative intent to make the act apply to actions brought after the act became effective, but not to suits pending when it became effective. In support of this contention many of our own cases are cited, as well as cases from other jurisdictions, which hold that it is a settled rule of law that all statutes must be construed to be prospective only in operation unless otherwise expressly declared, or a clear intent otherwise is shown.

The service in the instant case was had under the authority of § 1398, Pope's Digest, and was valid when had. This section is a venue act, but so also is act 314, and the effect of the later act is to repeal § 1398, Pope's Digest, in so far as it relates to personal injury actions. The clear and express purpose of act 314 is to require personal injury actions to be brought (a) in the county where the injury occurred, or (b) in the county where the plaintiff resides. The injury did not occur in Crawford county, and the plaintiff is not a resident of that county.

The Crawford circuit court derived its jurisdiction to try the case pursuant to the service had under the provisions of § 1398, Pope's Digest, but the provisions of that section have been repealed in so far as they relate to personal injury actions.

At § 172 of the chapter entitled "Courts," Vol. 14, Am. Jur., p. 372, it is said: "Whenever a statute from which a court derives its jurisdiction in particular cases is repealed, the court cannot proceed under the repealed statute, even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute." Act 314 has no saving clause as to pending suits.

What was the purpose of act 314? The answer must be to localize personal injury actions, and to require that they be brought in the county where the injury occurred or where the plaintiff resides, and to repeal so much of § 1398, Pope's Digest, as previously permitted them to be brought in any county where service might be had on the defendant; and, of course, it was contemplated that they be tried in the county in which they must be brought. The necessity for the legislation,

real or supposed, would apply as well to pending suits as to those thereafter brought, and the act contains no saving clause as to pending suits.

The argument is made that "shall" is a future auxiliary, and Webster's New International Dictionary so defines it; but counsel for respondent cite many cases holding that "shall" is frequently used as a synonym of "must." Act 314 declares the public policy in regard to actions of this character, and this policy would apply alike to suits pending when the act became effective as well as to those thereafter brought in the absence of a saving clause as to pending suits.

The opinion in the case of *Roberson* v. *Roberson,* 193 Ark. 669, 101 S. W. 2d 961, is in point upon this subject. That case construed act 61 of the Acts of 1935 (§ 1302, Pope's Digest), commonly referred to as the Guest Statute. That act denied the right of one riding in an automobile as the guest of another to recover damages sustained while riding as a guest except under certain designated conditions. Its effect was to destroy a cause of action which had previously existed. The plaintiff in that case was injured August 23, 1934, and filed suit against his host August 13, 1935. Between those dates act 61 became effective. The act did not provide that it should be retroactive, and it was, therefore, insisted that it did not apply to a cause of action which had accrued before its passage.

Upon a review of the authorities we held that the act did apply to causes of action which had accrued prior to its passage, notwithstanding the act did not expressly declare that it should have retroactive effect, and among the cases there cited was that of *Hazzard* v. *Alexander,* 6 W. W. Harr., 212, 173 Atl. 517, from which we quoted as follows: "The view of the Legislature is that suits against owners or operators of automobiles by or on behalf of gratuitous passengers to recover damages arising out of ordinary negligence constitute an evil to be suppressed. Striking directly against that evil, it is not to be supposed that the General Assembly, not having incorporated in the act a saving clause, had a cer-

tain sympathy for accrued rights of action, but none for actions yet to arise, and therefore purposed to preserve and protect accrued and pending actions.' " Here, the legislative purpose was to make personal injury suits local, and not transitory, as they had been prior to the passage of act 314, and in the absence of a saving clause as to pending suits there is no reason to believe that the change of policy should not apply to all cases which had not been reduced to judgment.

In the case of *State, ex rel. Attorney General* v. *Anderson-Tully Co.,* 186 Ark. 170, 53 S. W. 2d 17, 85 A. L. R. 100, the construction of an act was involved which provided that no proceeding should thereafter be brought or maintained for back taxes except for actual fraud on the part of the taxpayer. The act did not provide that it should be retroactive, yet it was held to apply to suits pending at the time the act became effective, for the reason that the suit could not be maintained on a cause of action which had ceased to exist.

Here, the legislative will is that for one to recover damages to compensate a personal injury he must sue therefor either (a) in the county in which he was injured or (b) in the county in which he resided at the time of his injury; and there is no exception or saving clause in favor of pending suits.

In opposition to awarding the writ here prayed for we are cited to § 13284, Pope's Digest. This is an old statute, brought forward from § 31 of chapter 129 of the Revised Statutes, and has been frequently cited by this court. The latest case to which our attention has been called citing it is the case of *McAllister* v. *Wright, Trustee,* 197 Ark. 1156, 127 S. W. 2d 645. That case cited and reaffirmed the case of *Carle* v. *Gehl,* 193 Ark. 1061, 104 S. W. 2d 445. In this *Carle* v. *Gehl* case the provisions of act 142 of the Acts of 1935, curing certain defects in tax sales, were relied upon, it being in force when the judgment appealed from was rendered, but pending the appeal act 142 was repealed. Upon the authority of § 13284, Pope's Digest, then appearing as § 9759, Crawford & Moses' Digest, there quoted, we

held that the rights conferred by act 142 had been continued in force and effect. In other words, § 13284, Pope's Digest, preserved rights in existence under other statutes, which were not divested by the repeal of the law under which those rights had accrued.

We adhere to that position; but we do not think it was the purpose of § 13284, Pope's Digest, to prohibit the passage of subsequent legislation regulating the venue of actions to enforce existing rights, nor to regulate the procedure under which those rights might be enforced.

Act 314 does not divest the plaintiff of his right to sue to recover damages to compensate his injury. That right now exists, and may be enforced in the proper forum. Act 314 merely prescribes the venue of the action—the court or courts in which the suit may be prosecuted. It is a venue statute, and § 13284 was not intended to confer a vested right in a matter of procedure. It is not contended that the plaintiff has any such vested right, and it is conceded that the General Assembly had the power to prescribe the venue, and many cases are cited in the brief of petitioner to sustain that proposition. The contention of respondent is that the General Assembly has not exercised that power; but, for the reasons herein stated, we think it has, and that the venue of the action has been localized in' Sebastian county, where the injury occurred and where the plaintiff resided at the time of his injury.

In the case of *Yocum* v. *Oklahoma Tire & Supply Co.*, 191 Ark. 1126, 89 S. W. 2d 919, it was held that act No. 70 of the Acts of 1935, providing for the service of process upon agents and employees of owners and operators of buses, coaches and trucks, etc., over the highways of this state, applied to a cause of action which arose prior to the passage of said act. There, a plaintiff who was injured on January 23, 1935, obtained service under the provisions of act 70, passed subsequent to the date of his injury. The sufficiency of this service was upheld, it being there said: "The act is necessarily and exclusively procedural in its scope and effect and

must be construed and applied as such. We have repeatedly held that under procedural acts a case must be determined on the law as it is at the time of the judgment unless the contrary appears from its context. (Citing cases.)''

Act 314 does not divest the plaintiff of any substantive rights. His rights remain. It is a procedural statute, which prescribes the venue or forum in which his rights may be adjudged and enforced.

We conclude, therefore, that the Crawford circuit court is without jurisdiction to proceed with the trial of this case, and the writ will be awarded.

HUMPHREYS and MEHAFFY, JJ., dissent.

SMITH, J. (Additional opinion on rehearing.) In support of the petition for rehearing, it is insisted that our opinion will destroy the vested right which one acquired who had brought suit for wrongful death under §§ 1277 and 1278, Pope's Digest, prior to the date act 314 of 1939 became effective. These sections require such suits to be brought within two years after the cause of action accrues, and the insistence is that our opinion will require a non-suit in such cases, where the cause of action was not brought in the county where it arose, or the plaintiff having the right to sue resides, and such cause is now barred by the provisions of §§ 1277 and 1278.

But act 314 is a venue act and does not require a non-suit to be taken in suits brought under §§ 1277 and 1278. It does not destroy the cause of action which these sections create; it only changes the venue of such actions. A pending action brought under §§ 1277 and 1278 before act 314 became effective may still be maintained; but the venue thereof is changed, and it must now be prosecuted in the county where the death occurred, or in the county where the person having the right to sue resided at that time. In other words, act 314 accomplishes the same result as if the court had changed the venue upon the petition of one of the parties, which order divests the court in which the suit was pending of jurisdiction over the cause and invests it in the court to which the transfer was made. *Stringer* v. *Jacobs,* 9 Ark. 497, 50 Am. Dec. 221.

Mehaffy, J. (dissenting). I respectfully dissent in this case because I do not agree that the phrase "shall be brought" has any reference to past actions, but refers wholly to actions brought thereafter.

I think the legislature and the people, when this act was adopted, intended just what they said; that is, they intended that no action should thereafter be brought except in the manner provided by the act.

It is said in the majority opinion that act 314 is a venue act and that its purpose and effect is to localize personal injury actions. That is true, but it meant the venue in actions thereafter brought. It would have been an easy matter, if the legislature had intended that it apply to pending litigation, to have said so; and it is a general rule that all statutes must be construed to be prospective only in operation, unless otherwise expressly declared or a clear intent otherwise is shown.

It is admitted that this suit was brought and service had before the act became effective, and that the service was valid when had.

It seems clear to me that if the legislature had intended that the act apply to pending actions, or actions that had already been brought, it would have said so.

The majority opinion quotes from § 172 of the chapter entitled "Courts," Vol. 14, Am. Jur., 372. The majority opinion does not mean that in all cases a court cannot proceed in a pending action, because the opinion says, quoting from Am. Jur., "unless they are saved by a clause in the repealing statute," and then adds that act 314 has no saving clause as to pending suits. I differ from the majority in this statement. I think that the phrase "shall be brought" shows the intention of the legislature to have been that the act was to apply to pending suits, but only those brought in the future.

In referring to the case of *Roberson* v. *Roberson,* 193 Ark. 669, 101 S. W. 2d 961, the majority opinion states that the effect of the act in that case was to destroy a cause of action which had previously existed. In the instant case no cause of action was destroyed. The cause

of action for personal injuries was the same as it was before the passage of the act.

We have many times held that we should give statutes a common-sense construction, and it appears to me that to hold that the phrase "shall be brought" could be construed to refer to suits already pending, is an unreasonable construction of the statute.

The Connecticut court said: "But this act was passed after the commencement of this suit, and it is in terms prospective. The words are: 'Whenever any action shall be brought to recover a penalty for the erection or continuance of any nuisance upon any public highway, etc., and the defendant shall justify,' etc. . . . This certainly could not relate to actions already brought and then pending." *Perkins* v. *Perkins*, 7 Conn. 558, 18 Am. Dec. 120.

"The use of the word 'shall' in the clause in question is in contrast with the words 'are hereby defeated and declared to be lost,' found in the earlier clause of the section which deals with past settlements. In other words, so far as language goes, the two clauses are not similar, but are in contrast with each other. We see nothing here to take this section out of the general rule that even in a pauper settlement act the word 'shall' *prima facie* refers to the future." *City of Lawrence* v. *Town of Methuen*, 187 Mass. 592, 73 N. E. 860.

It seems unnecessary to cite other authorities to show that the phrase "shall be brought" does not refer to or mean action already brought.

I respectfully dissent and think the writ should be denied. I am authorized to say that Mr. Justice HUMPHREYS agrees with me in this dissenting opinion.