KITCHENS *v.* ARK. APPRAISAL SERVICE.

5-2360                                           344 S. W. 2d 853

Opinion delivered April 3, 1961.

*Peter A. Deisch* and *George K. Cracraft, Jr.*, for appellants.

*John L. Anderson,* for appellees.

J. SEABORN HOLT, Associate Justice. This is an appeal challenging the validity of Assessment methods

used in Phillips County during 1959. In 1959, Phillips County entered into a contract with the Arkansas Appraisal Service for the reappraisal and assessment of all real and personal property within the county in order to comply with Act 153 of 1955. The appellants, landowners and taxpayers, alleged in the trial court that the assessment methods were invalid since the methods promulgated in the Assessment Manual of the Arkansas Assessment Coordination Department were not followed. The lower court found there had been substantial compliance with the procedures outlined in the manual and further held that the methods and criteria set forth in the manual for assessment of real estate promulgated by the Arkansas Coordination Bureau were directory and not mandatory. As indicated, the appellants contend for reversal that the language and methods prescribed by the manual are mandatory and not directory.

The appellants point to § 5 of Act 153, the language of which states: "It shall be the duty of the County Assessors and their deputies to use and follow the assessment manuals and standards promulgated by the Commission, and to use the forms prescribed and furnished by said Commission in making such appraisal and assessment and to collect and record the date [sic—data] thereby required. It shall also be the duty of the County Equalization Boards, in performing their duties, to recognize and follow such manuals and standards, and the County Equalization Boards shall not change an assessment made by the County Assessor unless such change is necessary to provide uniformity in the assessment of similar classes of property. It shall also be the duty of the County Judges, in hearing appeals from the County Equalization Boards, to recognize and follow such manuals and standards, and a County Judge shall not change an assessment unless such change is necessary to provide uniformity in the assessment of similar classes of property."

It is claimed that the word "shall" makes the language of § 5 mandatory. We find it unnecessary to pass upon this, although it is true that the word "shall"

is frequently used in statutes as a synonym of the word "must". *Fort Smith Gas Co.* v. *Kincannon,* 202 Ark. 216, 150 S. W. 2d 968. Assuming that the language used is mandatory, we think that the appellees have complied with the language. It will be noted from the language quoted above in § 5 that it is the duty of the various assessing bodies to use the manual. There is no dispute in the present case that the manuals were used, the only dispute is as to the methods. Appellants contend that the manual is something more than a guide line but that it is an ironclad rule to be followed with no deviation. We find such a position untenable because the very language and purpose for which the commission issued the manual was as a guide. The following language in the introduction states: "* * * (T)he production of this Manual is based on the recognition that Arkansas is primarily a rural state, with wide ranges of soils and economic characteristics. This manual is the 'beginning' and should be written and designed in simple terms calculated for general understanding. It is devised, in so far as we are able, to assist in every possible way, the one-man County Assessor's office operating within necessary tools of his profession and with little or no personnel. No element is more important in assessing than the good judgment of the Assessor, irrespective of compiled standards. The prime purpose and objective of this Manual is to provide uniform methods endeavoring to establish equitable assessments throughout the State of Arkansas."

Thus the very purpose of the manual was to be a guide. Indeed, if the rule which the appellants urge is correct and the language of § 5 is mandatory, then the appellees have complied with § 5. One of the witnesses for the appellees testified at length that the manual had been used as a guide and that personal independent judgment was used in arriving at land values at times. It would have been a denial of the purpose of the manual to use it in any other way than as a guide. There are many things which enter into the land besides soil classification which the manual was based upon, — condition of

the land, the location, accessibility of the tract, use to which it is put, all enter into the value.

The judgment is affirmed.