The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion regarding retirement funds collected pursuant to A.C.A. § 24-8-301 et seq. On behalf of the City of Clinton, you have presented the following specific question:
 Whether funds previously collected and allocated to a retirement fund pursuant to A.C.A. § 24-8-301 et seq. may be deposited in a general fund.
You have stated that all currently eligible officials have elected to participate in the APERS state retirement system pursuant to A.C.A. §24-8-312, rather than in the city's retirement system.
It is my opinion that the answer to your question is "no."
Before setting forth an analysis of your specific question, it is pertinent to note that A.C.A. § 24-8-303 provides for the mandatory[1]
collection of moneys to provide funds for the benefits established in that subchapter. (These moneys are in the form of court costs to support the retirement of municipal judges and clerks.) Moreover, payment of those funds to the city treasurer is also mandatory. (Arkansas Code Annotated § 24-8-303(c) states: "The costs shall be paid to the treasurer. . . ." A.C.A. § 24-8-303(c) [emphasis added].) Finally, the treasurer's deposit of those funds into an account is mandatory. (Arkansas Code Annotated § 24-8-303(c) states that the treasurer "shall
place [the costs] into an account. . . ." A.C.A. § 24-8-303(c) [emphasis added].)
Because the provisions of A.C.A. § 24-8-303 are mandatory, a fund will exist, regardless of whether any current employees are covered by the fund.
This conclusion then leads to your question: [w]hether the money in such fund can be used for purposes other than payment of retirement benefits. It is my opinion that they cannot. Arkansas Code Annotated § 24-8-303(c) states that the city treasurer must place the funds into an account "for the sole purpose of payment of retirement benefits as provided in this subchapter." This language indicates that the funds may not be used for any purpose other than the payment of retirement benefits. If the funds were placed into a general account, they would be used for other purposes.
This reading of A.C.A. § 24-8-303(c) is supported by the history of the statute. Arkansas Code Annotated § 24-8-301 states that subchapter 3 is cumulative to Acts 1965, No. 19 (codified at A.C.A. § 24-8-401 to -408). Acts 1965, No. 19 created a similar retirement benefit fund for municipal judges and clerks in cities of certain sizes. Not only does that legislation contain language similar to that contained in A.C.A. §24-8-303(c) (A.C.A. § 24-8-402(c) states that the treasurer shall place the funds into an account "for the express purpose of payment of retirement benefits"), but the fund created in that Acts 1965, No. 19 was also impacted by Acts 1965, No. 171. Acts 1965, No. 171 provided that moneys previously accrued for the retirement fund for such judges and clerks under previous law would become a part of the fund created in Acts 1965, No. 19, and were to be used "only for the purpose of payment of retirement benefits. . . ." Because A.C.A. § 24-8-301 indicates that the rights established in Acts 1965, No. 19 were not to be affected by the provisions of subchapter 3, it must be concluded that subchapter 3 also intended to prohibit the use of retirement fund moneys for any purpose other than the payment of retirement benefits.
This interpretation of subchapter 3 assures the availability of the funds for any future employees who may elect to participate in the city's retirement system.
It should be noted that the city treasurer is given some options and leeway as to the type of account into which he deposits the funds. See
A.C.A. § 24-8-302(c)(1). He may also separate moneys that are not immediately necessary for the payment of benefits from money that is immediately necessary. Id. He is simply limited by the requirement that neither set of moneys be used for any purpose other than the payment of retirement benefits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] The language of A.C.A. § 24-8-303 states in part: "To provide funds for the retirement benefits provided in this subchapter, costs . . .shall be assessed as follows. . . ." A.C.A. § 24-8-303(a) [emphasis added]. The Arkansas Supreme Court has traditionally interpreted the term "shall" as a synonym of the term "must," thus creating a mandate. SeeFort Smith Gas Co. v. Kincannon, 202 Ark. 216, 150 S.W.2d 968 (1941).