Cite as 2021 Ark. App. 324

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-19-359

| | |
|---|---|
| SWN PRODUCTION COMPANY (ARKANSAS), LLC<br><br>APPELLANT<br><br>V.<br><br>MARK STOBAUGH, IN HIS OFFICIAL CAPACITY AS CONWAY COUNTY ASSESSOR; CONWAY COUNTY BOARD OF EQUALIZATION; CONWAY COUNTY, ARKANSAS; CONWAY COUNTY TREASURER; AND CONWAY COUNTY TAX COLLECTOR<br><br>APPELLEES | **Opinion Delivered** September 8, 2021<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CV-18-16]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Appellant SWN Production (Arkansas), LLC (SWN), appeals the decision of the Conway County Circuit Court dismissing its complaint for failure to state sufficient facts and for failure to join indispensable parties. SWN argues that the circuit court erred in both rulings. We agree, and we reverse and remand.

I. *Facts & Procedural History*

SWN owns working interests in several mineral properties in Conway County. Appellees are various Conway County officials involved in the assessment process,

collectively, the County.[1] Pertinent to this appeal is the County's 2017 assessment of SWN's interests. The Conway County Assessor, utilizing guidelines promulgated by the Arkansas Assessment Coordination Division (ACD), calculated SWN's working interests at $169 per 1,000 cubic feet of average daily production. In reaching this calculation, the assessor used a Henry hub factor of $3.04 per 1,000 cubic feet and also used a factor of 13 percent for expenses.

SWN disagreed with this calculation method and challenged the assessment, first before the Conway County Board of Equalization and then before the Conway County Court. It contended that a factor of $1.80 per 1,000 cubic feet should be used and that a factor of 49 percent for expenses was more appropriate. SWN's calculation is approximately 34 percent of the County's assessment.

When its challenge to the assessment was unsuccessful before both the board and the county court, SWN appealed to the Conway County Circuit Court by filing a notice of appeal and a complaint. The County filed a motion to dismiss SWN's complaint on several grounds, including that the complaint failed to state sufficient facts or a claim for relief and that SWN failed to join necessary parties—specifically, ACD and the school districts located in Conway County. After a hearing on the County's motion to dismiss, the circuit court entered an order granting the County's motion to dismiss for SWN's failure to state a cause

---

[1]The appellees include Mark Stobaugh, the Conway County Assessor; the Conway County Board of Equalization; Conway County; the Conway County Treasurer; and the Conway County Tax Collector. Stobaugh is the only official actually named in the caption of the complaint. However, the treasurer and the tax collector are named in the body of the complaint.

of action under Ark. R. Civ. P. 12(b)(6) and its failure to join a necessary and indispensable party under Ark. R. Civ. P. 12(b)(7).[2] This appeal followed.

## II. *Standard of Review*

In reviewing a circuit court's order granting a motion to dismiss, our supreme court has held that the standard of review is whether the circuit court abused its discretion in dismissing the complaint. *Brown v. Towell*, 2021 Ark. 60, 610 S.W.3d 17. In determining whether the circuit court abused its discretion in dismissing a complaint, the appellate court treats the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Id*.

## III. *Analysis*

In this appeal, we are presented with two very straight-forward issues: whether the circuit court abused its discretion in granting the County's motion to dismiss for (1) failure of the complaint to state sufficient facts or a claim for which relief can be granted under Ark. R. Civ. P. 12(b)(6); and (2) failure to join necessary parties under Ark. R. Civ. P. 12(b)(7).[3] We conclude that it did.

As to the Rule 12(b)(6) dismissal, Arkansas is a fact-pleading state, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Ballard Grp.,*

---

[2]The court did not further explain its reasoning.

[3]The arguments presented by the parties are not nearly so straight-forward. SWN labels its arguments somewhat differently. The County also argues the grounds of insufficiency of process and insufficiency of service of process as a basis for affirmance. However, the circuit court did not rely on these grounds in granting the motion to dismiss. Therefore, we need not consider them. *See Sloop v. Kiker*, 2016 Ark. App. 125, at 4, 484 S.W.3d 696, 699.

*Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)). Here, SWN filed a complaint alleging that the assessor valued SWN's working interests using the methodology prescribed in the ACD guidelines, that the calculations contained in SWN's SEC filings were the most accurate reflection of the fair market value, that the assessor used a factor unrepresentative of SWN's actual expenses, and that the assessor's assessment of the working interest exceeded its fair market value. SWN prayed that the court find the assessment excessive and that the assessment be based on the data SWN provided.

The County argued below and on appeal that because the complaint admitted that the assessment was based on guidelines promulgated by ACD and that the County followed those guidelines, the complaint failed to state sufficient facts to overturn the assessment. The County relies heavily upon Arkansas Code Annotated section 26-26-1110(c)(4), which provides:

> (4) When a nonproducing mineral right begins producing minerals, the mineral right shall be assessed for tax purposes in accordance with rules established by the Assessment Coordination Division.

Ark. Code Ann. § 26-26-1110(c)(4) (Repl. 2020).

The County argues that compliance with the ACD guidelines is mandatory on the assessor, that the assessor complied with the guidelines, and that the complaint does not state sufficient facts to overcome the mandatory nature of the guidelines. We disagree.

Our supreme court has held that the guidelines are not mandatory. *See Bd. of Equalization v. Evelyn Hills Shopping Ctr.*, 251 Ark. 1055, 476 S.W.2d 211 (1972); *Kitchens v. Ark. Appraisal Serv.*, 233 Ark. 384, 386, 344 S.W.2d 853, 854 (1961). In fact, the ACD

4

guidelines are not ironclad rules to be followed with no deviation. *Kitchens*, *supra*. Rather, assessors use different approaches (and often more than one approach), to arrive at the current market value of property, and no one particular method is mandated by the General Assembly. *See Evelyn Hills*, *supra*.

Most recently, our supreme court reiterated that the guidelines are not mandatory but are merely guidance tools for the seventy-five county assessors across the state. *Chaney v. Union Producing, LLC*, 2020 Ark. 388, 611 S.W.3d 482; The *Chaney* court reiterated that, pursuant to Arkansas Code Annotated section 26-26-1101 (Repl. 2020), it is solely the county tax assessors who have the authority and duty to assess property. *Chaney*, *supra*. In so doing, the assessor must consider all the evidence bearing on the fair market value. *Jim Paws, Inc. v. Equalization Bd. of Garland Cty.*, 289 Ark. 113, 710 S.W.2d 197 (1986); *Kitchens*, *supra*.

We now turn our attention to whether the complaint filed by SWN stated sufficient facts to survive a Rule 12(b)(6) motion to dismiss. We hold that it does. SWN was not required to plead that the assessment was manifestly excessive, clearly erroneous, or confiscatory. Ark. Code Ann. § 26-27-318(d)(2) (Repl. 2020). Instead, it need only plead the true and correct value of the property for ad valorem tax purposes. *Id*. SWN's complaint alleged that the assessor valued its working interests using the methodology prescribed in the ACD guidelines, that the calculations contained in SWN's SEC filings were the most accurate reflection of the fair market value, that the assessor used a factor (13 percent) unrepresentative of SWN's actual expenses, and that the assessor's assessment of the working interest exceeded its fair market value. We must treat these facts as true for purposes of our

5

review. *Panhandle Oil & Gas, Inc. v. BHP Billiton Petroleum (Fayetteville), LLC*, 2017 Ark. App. 201, 520 S.W.3d 277. When so considered, SWN has shown that the assessor's assessment of the working interest exceeded its fair market value. Therefore, the circuit court abused its discretion in dismissing the complaint for failure to state sufficient facts.

As to the Rule 12(b)(7) issue, we hold that the circuit court abused its discretion in dismissing its complaint for failure to join necessary and indispensable parties. Below, the County asserted that ACD and the various school districts located in Conway County were necessary and indispensable parties, and the circuit court agreed.

In *Chaney*, *supra*, the supreme court held that ACD and its director were not proper parties to that case because ACD had no authority to direct how taxes are assessed at the county level. The supreme court also held that the director was entitled to the protection of sovereign immunity. If the ACD director in *Chaney* was entitled to sovereign immunity and was therefore not a necessary party to an assessment appeal, then ACD cannot be a necessary party in the present case. The circuit court erred in ruling otherwise.

Likewise, the circuit court erred in ruling that the school districts were necessary parties. The County argues that the school districts are necessary parties to appeals of property-tax assessments, relying on the supreme court's decision in *Lake View School District No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d 472 (2002). According to the County, *Lake View* requires that school districts across the state levy a uniform rate of tax to fund and support school operations and, therefore, the school districts in Conway County are necessary parties. We are not persuaded.

6

Long before *Lake View*, the supreme court held that local school districts were "obviously" not necessary parties to every proceeding for the determination of the assessed value of taxable property. *Pulaski Cnty. Bd. of Equalization v. Am. Republic Life Ins. Cos.*, 233 Ark. 124, 342 S.W.2d 660 (1961). The court reasoned that the prosecuting attorney had the statutory duty of representing the public in such a proceeding and, if the rule were otherwise, the county, the various cities, other school districts, the holders of municipal bonds, and all the other beneficiaries of property taxation would also be necessary parties. 233 Ark. at 125–26, 342 S.W.2d at 662. The County does not discuss or even cite this case, nor does it explain how having the school districts as parties would affect the assessment of SWN's working interests. Consistent with the supreme court's reasoning in *American Republic Life*, the Conway County school districts are merely the beneficiaries of tax revenues; they do not have any role in the assessment or valuation of property for taxation purposes.

Accordingly, we reverse the circuit court's dismissal of SWN's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ABRAMSON and GLADWIN, JJ., agree.

*PPGMR Law, PLLC*, by: *G. Alan Perkins* and *Kimberly D. Logue*, for appellant.

*Mark J. Whitmore*, for appellees.

7