Cite as 2022 Ark. 47

# SUPREME COURT OF ARKANSAS

**No.** CR–21–305

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered:** February 24, 2022 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-19-3590] |
| V. | | |
| GREGORY MASON | | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Gregory Mason pled guilty to failure to register as a sex offender. This was his third violation of the failure-to-register statute in Arkansas and his fourth nationwide. He pled guilty as a habitual offender. The circuit court sentenced him to only a $10,000 fine. The State appealed alleging the circuit court imposed an illegal, fine-only sentence in violation of the habitual offender statute. We affirm.

## I. *Facts*

Mason was convicted of a sex crime in 2006 in Nevada. In 2013, he was convicted in Utah for failing to register as a sex offender. Mason moved to Arkansas in 2015. He pled guilty to a Class C felony of failure to register as a sex offender in 2016 and again in 2018. In the case before us, he was alleged to have failed to register as a sex offender on February 28, 2019. He pled guilty to this charge in January 2020. As part of that plea, he pled guilty as a habitual offender.

At sentencing, defense counsel argued that AMI Crim. 2d 9202 grants the court the discretion to impose a fine as a minimum punishment. The State countered that Ark. Code Ann. § 5-4-501(a)(1) (Supp. 2017) provides that the minimum punishment as a habitual offender required the circuit court to impose a mandatory prison sentence of three to twenty years. The circuit court made specific findings for leniency and proclaimed a sentence of only a $10,000 fine and no incarceration.

## II. *The State's Appeal*

The State appealed, arguing that pursuant to Ark. R. App. P.–Crim. 3(b) and (c), review is authorized when the Attorney General, after inspecting the trial record, is satisfied that error has been committed to the prejudice of the State and that the correct and uniform administration of the criminal law requires such review. *State v. Hardiman*, 353 Ark. 125, 126–27, 114 S.W.3d 164, 165 (2003). We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *Id.* at 127, 114 S.W.3d at 165 (citing *State v. Stephenson*, 340 Ark. 229, 231, 9 S.W.3d 495, 495 (2000); *State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993)). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the circuit court. *Id.* (citing *State v. Kinard*, 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994)). Therefore, jurisdiction of this appeal is properly in this court. *Id.*

### III. *Standard of Review*

This appeal requires us to interpret statutes crafted by the General Assembly. We review issues involving statutory construction de novo, as it is for this court to decide the meaning of a statute. *Smith v. State*, 2020 Ark. 410, at 5 (citing *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635). Significantly, penal statutes are to be strictly construed with all doubts resolved in favor of the defendant. *Id.* (citing *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005)). Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Id.* (citing *Metzner v. State*, 2015 Ark. 222, 462 S.W.3d 650). However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. *Id.* (citing *Williams*, *supra*).

"The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Treat v. State*, 2019 Ark. 326, at 5, 588 S.W.3d 10, 13. "When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further." *Id.* This court "is very reluctant to interpret a legislative act in a manner contrary to its express language unless it is clear that a drafting error or omission has circumvented legislative intent." *Williams v. St. Vincent Infirmary Med. Ctr.*, 2021 Ark. 14, at 9, 615 S.W.3d 721, 727.

### IV. *Sentencing as a Habitual Offender*

Sentencing in Arkansas is entirely a matter of statute. *Halfacre v. State*, 2015 Ark. 105, at 3, 460 S.W.3d 282, 284. "[S]entencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime." *Hale v. Hobbs*, 2014 Ark.

405, at 4, 443 S.W.3d 533, 535. A sentence is legal if it is within the limits set by the statute. *Proctor v. Payne*, 2020 Ark. 142, at 8, 598 S.W.3d 17, 23.

Our analysis focuses on the statute that was in effect on February 27, 2019, which was when Mason committed the crime for which he was sentenced.[1] That statute requires that a defendant who is convicted of a felony such as the one at issue in the instant case, and who has previously been convicted or found guilty of more than one felony but fewer than four felonies "*may* be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (a)(2) of this section." Ark. Code Ann. § 5-4-501(a)(1)(A)(i)–(ii) (Supp. 2017) (emphasis added).

The word "may" implies permissive or discretionary action or conduct and is construed in a permissive sense unless necessary to give effect to an intent to which it is used. *Hobbs v. Jones*, 2012 Ark. 293, at 13–14, 412 S.W.3d 844, 853–54 (citing *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990)). This is different than the word "shall," which is frequently used in statutes as a synonym of the word "must." *Kitchens v. Ark. Appraisal Serv.*, 233 Ark. 384, 385–86, 344 S.W.2d 853, 853–54 (1961) (citing *Fort Smith Gas Co. v. Kincannon*, 202 Ark. 216, 150 S.W.2d 968 (1941)). The version of the statute in effect when Mason committed his crime did not contain the word "shall." Instead, it only contained the word "may."

---

[1] The habitual offender statute was amended in July 2019 and then again in July 2021.

4

A plain reading of the statute in effect at the time Mason committed the crime permits the circuit court to impose a fine, imprisonment, or both. Accordingly, we hold that the circuit court did not err in imposing a fine-only sentence.

Affirmed.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellee.