Cite as 2025 Ark. 52

# SUPREME COURT OF ARKANSAS
**No.** CV-24-332

| | |
|---|---|
| VASQUEZ D. HAYES | **Opinion Delivered:** May 1, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | [NO. 40CV-23-82] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Chief Justice**

Appellant Vasquez D. Hayes appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Lincoln County, which is the county where he is incarcerated. Hayes contended that he was entitled to habeas relief because his sentence of 960 months', or eighty years', imprisonment is excessive and violates the legislative intent that if a life sentence is permissible and a term of years is imposed instead of life, the term cannot exceed fifty years. Hayes asserted that his sentence is illegal because it represents a de facto life sentence. The circuit court found that Hayes had failed to demonstrate that he is being illegally detained. We affirm.

## I. *Background*

In May 2017, Hayes was convicted in the Miller County Circuit Court of two counts of rape, aggravated residential burglary, aggravated robbery, kidnapping, and two counts of

theft and was sentenced to an aggregate term of 960 months' imprisonment[1]. The sentencing

order reflects that all offenses for which he was convicted were committed in November

2015. The Arkansas Court of Appeals affirmed his convictions and sentences. *Hayes v.*

*State*, 2021 Ark. App. 367.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid

on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020

Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the

subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the

appellant and also has jurisdiction over the subject matter, the court has authority to render

the judgment. *Id.*

A petitioner for the writ who does not allege his or her actual innocence and proceed

under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit

court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable

cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-

112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review

of the record of the trial proceedings, and the circuit court's inquiry into the validity of the

judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can

---

[1]Hayes's sentences for his two rape convictions were imposed to run concurrently, for a total of 480 months' imprisonment. He was sentenced to 480 months' imprisonment for his aggravated-robbery conviction, which was imposed to run consecutively to the 480-month sentence for the two rape convictions. His sentences for aggravated-residential burglary, kidnapping, and two counts of theft were imposed to run concurrently with his aggravated-robbery sentence. This resulted in an aggregate sentence of 960 months' imprisonment.

show that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Relying on the commentary to Arkansas Statutes Annotated section 41–901 (Repl. 1977), Hayes contends that the legislature intended that if a defendant is sentenced for a felony that mandates a sentence of either a term of years or life imprisonment, and the defendant is sentenced to a term of years instead of life, that term cannot exceed fifty years' imprisonment. Hayes maintains that his sentence of eighty years' imprisonment is illegal on its face because it exceeds the maximum term of fifty years' imprisonment and represents a de facto life sentence. Hayes is mistaken.

Sentencing in Arkansas is entirely a matter of statute and shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *State v. Mason*, 2022 Ark. 47, 639 S.W.3d 348. A sentence is legal if it is within the limits set by the relevant statute. *Id.* As Payne correctly notes, the Arkansas Statutes Annotated have been superseded. *See* Ark. Code Ann. § 1-2-103 (noting the adoption of the Arkansas Code effective December 31, 1987). The laws that were in effect in November 2015 when Hayes

committed multiple crimes authorize his sentence. The sentencing order reflects that Hayes was convicted of five Class Y felonies: two counts of rape, one count of aggravated-residential burglary, one count of aggravated robbery, and one count of kidnapping.[2] In addition, Hayes was convicted of two counts of theft, classified as C and D felonies.[3]

Pursuant to Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 2013), sentencing for a Class Y felony is not less than ten years and not more than forty years, or life. The sentence for a Class C felony is not less than three years nor more than ten years, and a sentence for a Class D felony shall not exceed six years. Therefore, each conviction of a Class Y felony carried a maximum term of forty years' imprisonment, while the Class C felony carried a maximum term of ten years' imprisonment, and six years' imprisonment for the conviction of a Class D felony. The trial court had the discretion to impose consecutive sentences of a maximum term of years for each separate offense. *See* Ark. Code Ann. § 5-4-403 (Repl. 2013); *Edwards v. State*, 300 Ark. 4, 775 S.W.2d 900 (1989). The imposition of an aggregate sentence of eighty years' imprisonment was less than the maximum term of years that could have been imposed for the five Class Y felonies plus two additional terms for a Class C felony and a Class D felony. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *Jefferson v. Payne*, 2022 Ark. 4, 637 S.W.3d 264. Hayes's aggregate sentence is not illegal and is not contrary to the code

---

[2]*See* Arkansas Code Annotated sections 5-14-103(c)(1) (Repl. 2013) (rape); 5-39-204(b) (Repl. 2013) (aggravated-residential burglary); 5-12-103(b) (Repl. 2013) (aggravated robbery); 5-11-102(b)(1) (Repl. 2013) (kidnapping).

[3]*See* Arkansas Code Annotated section 5-36-103(b)(2)(A) and (b)(3)(C) (Repl. 2013).

sections that were in effect when he committed the crimes in 2015. Accordingly, the circuit court did not clearly err when it dismissed Hayes's habeas petition.

Affirmed.

*Vasquez Hayes*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.