Cameron Dewayne JENNINGS *v.* STATE of Arkansas

CA CR 99-255                                    10 S.W.3d 105

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered January 19, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

MARGARET MEADS, Judge. Cameron Jennings was convicted in a bench trial of violating Ark. Code Ann. § 5-74-106 (Repl. 1997), simultaneous possession of drugs and firearms, a Class Y felony, and Ark. Code Ann. § 5-64-401 (Repl. 1997), possession of a controlled substance (cocaine), a Class C felony. He was sentenced to ten years in the Arkansas Department of Correction for the simultaneous-possession conviction, and ordered to pay a $1,000 fine on the possession charge. Jennings appeals, arguing that the trial court erred (1) in denying his motion to suppress the firearm and cocaine taken from him in a warrantless search that was conducted without reasonable suspicion and in violation of the Fourth Amendment; and (2) in not dismissing the conviction for possession of cocaine, because his convictions for simultaneous possession of drugs and firearms and possession of a controlled substance violated the constitutional and statutory prohibitions against double jeopardy. We reverse and remand.

Prior to trial, appellant filed a motion to suppress the firearm and cocaine on the basis that they were seized in an unlawful warrantless search, and the trial court denied the motion. Appellant renewed this motion at trial; it was again denied. In reviewing a trial court's denial of a motion to suppress evidence, this court makes an independent determination based upon the totality of the circumstances, and the trial court's ruling is not reversed unless it is clearly against the preponderance of the evidence. *Rankin v. State*, 57 Ark. App. 125, 942 S.W.2d 867 (1997).

At the suppression hearing, Deputy Sheriff Andrea Rockefeller testified that she was patrolling in the Wrightsville community on March 10, 1998, when she saw appellant and Armad Fitzgerald standing at the corner of Perkins and Highway 365, an intersection

known for its drug trafficking. Due to the fact that it was a drug area, the corner was posted with a sign that stated no standing or parking. Because Deputy Rockefeller knew that Fitzgerald was a student at Mills High School, she stopped and asked the men what they were doing at the intersection. They responded that they were waiting for the bus. Although there was no bus stop at that corner, there were several bus stops along Highway 365.

Rockefeller testified that she did not know appellant and requested identification, which he provided. Rockefeller then asked the men to move out of the roadway, and she saw what appeared to be a brown paper bag containing an alcohol flask in Fitzgerald's coat pocket. Because Fitzgerald was a minor, Rockefeller confiscated the alcohol. Rockefeller decided to do a pat-down search for her safety and asked the men if they had any weapons. They responded "no." Rockefeller found no weapon on Fitzgerald but found a small handgun at appellant's waistline. Appellant was immediately hand-cuffed, and Fitzgerald was instructed to leave. Rockefeller placed appellant in the back of her vehicle and radioed for backup. Deputy Eric Holloway responded to Rockefeller's request for backup, searched appellant, and found two small plastic bags containing what was later determined to be cocaine.

Rockefeller stated that she initially stopped appellant and Fitz-gerald because she recognized Fitzgerald; there was a sign prohibit-ing loitering; the area was a known drug area; and she was going to "check them out" to see if they were doing anything wrong. Rockefeller contended that she had reason to believe that appellant and Fitzgerald were loitering at the time she stopped them, but admitted she had no evidence that appellant was loitering for the purpose of selling drugs.

Rule 3.1 of the Arkansas Rules of Criminal Procedure provides:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawful-ness of his conduct. An officer acting under this rule may require

the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.

A "reasonable suspicion" is defined as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R. Crim. P. 2.1.

Appellant contends this case must be reversed based upon *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998). We agree. In *Stewart*, a Little Rock police officer observed the appellant, Kathy Stewart, standing in a high-drug-traffic area at 1:45 a.m. and stopped to question her. Because appellant would not keep her hands out of her pockets after he asked her to do so, the officer conducted a pat-down search. This search revealed thirty-five one dollar bills, a one-hundred dollar bill, and a matchbox; the officer opened the matchbox and found a substance later determined to be cocaine.

■ In determining that the initial encounter with Stewart was unconstitutional under Rule 3.1 of the Arkansas Rules of Criminal Procedure, our supreme court referred to the factors listed in Ark. Code Ann. § 16-81-203 (1987) used to determine whether an officer has grounds to "reasonably suspect." These factors are:

(1) The demeanor of the suspect;

(2) The gait and manner of the suspect;

(3) Any knowledge the officer may have of the suspect's background or character;

(4) Whether the suspect is carrying anything, and what he is carrying;

(5) The manner in which the suspect is dressed, including bulges in clothing, when considered in light of all of the other factors;

(6) The time of the day or night the suspect is observed;

(7) Any overheard conversation of the suspect;

(8) The particular streets and areas involved;

(9) Any information received from third persons, whether they are known or unknown;

(10) Whether the suspect is consorting with others whose conduct is "reasonably suspect";

(11) The suspect's proximity to known criminal conduct;

(12) Incidence of crime in the immediate neighborhood;

(13) The suspect's apparent effort to conceal an article; and

(14) Apparent effort of the suspect to avoid identification or confrontation by the police.

Our supreme court held that there was nothing about Stewart's actions or demeanor that indicated that she was involved in any illegal activity, and the only justification for stopping her was that she was "standing in the wrong place at the wrong time." 332 Ark. at 146, 964 S.W.2d at 797.

■ As in *Stewart*, we believe appellant Jennings was also in the wrong place at the wrong time. There was no indication that appellant was committing, had committed, or was about to commit a felony or a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property. The only factor present from Ark. Code Ann. § 16-81-203 was the fact that the neighborhood was a known drug area; however, Rockefeller admitted that she did not even know who appellant was at the time she stopped him. The trial court's finding that the officer had a reasonable suspicion to stop appellant under Rule 3.1 was clearly against the preponderance of the evidence.

■ Likewise, we do not believe this stop was justified under Ark. R. Crim. P. 2.2, which provides that a law enforcement officer "may request any person to furnish information or otherwise cooperate in the investigation or prevention of crime. The officer may request the person to respond to questions, to appear at a police station, or to comply with any other reasonable request." An encounter under this rule is permissible only if such information or cooperation is being sought in the investigation or prevention of a particular crime. *Stewart v. State, supra.* Here, there was no testi-

mony that the officer was investigating or preventing a crime when she encountered appellant and Fitzgerald.

The State argues that Rockefeller's initial stop and detention was authorized by Ark. Code Ann. § 6-18-221(c) (Supp. 1997), which provides that an officer may stop and detain an unsupervised school-age student who is not on school premises during school hours. We do not agree. Officer Rockefeller was only concerned that Fitzgerald was a truant, not that appellant was a truant; she admitted that she did not even know appellant. Moreover, appellant was not a school-age student; he was twenty-one years old.

■ Because we do not believe that Officer Rockefeller had a reasonable suspicion for which to detain and search appellant, we conclude that the initial encounter was illegal. Any evidence found in the course of an illegal search is itself illegal. *See Mitchell v. State*, 294 Ark. 264, 742 S.W.2d 895 (1988). Therefore, appellant's motion to suppress the cocaine and the firearm should have been granted.

Appellant alternatively argues that his conviction for possession of a controlled substance must be reversed and dismissed, in light of his conviction for simultaneous possession of drugs and a firearm. We do not reach this argument because of our disposition of appellant's first point.

Reversed and remanded.

ROBBINS, C.J., and HART and GRIFFEN, JJ., agree.

CRABTREE, J. and HAYS, S.J., dissent.