Myeshia STEVENS *v.* STATE of Arkansas

CA CR 04-919                                            208 S.W.3d 843

Court of Appeals of Arkansas
Opinion delivered May 25, 2005

*Terrence Cain* and *McCullough Law Firm*, by: *R.S. McCullough*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Myeshia Stevens entered a conditional guilty plea to possession of marijuana with intent to deliver pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure, reserving in writing her right to appeal from the judgment and challenge the trial court's denial of her motion to suppress. On appeal, Ms. Stevens argues that her motion to suppress should have been granted because the searches and seizures of her person and her vehicle violated the Fourth Amendment of the United States Constitution, as well as Article 2, Section 15 of the Arkansas Constitution. Ms. Stevens also argues that the statement and evidence she gave to the police should have been suppressed because she was not given *Miranda* warnings. We agree with Ms. Stevens' first argument, and we reverse and remand.

Officer Randall Robinson of the Little Rock Police Department testified at the suppression hearing. He stated that he was on patrol at about 2:45 a.m. on December 12, 2003, and was parked in a lot adjacent to the Exxon store on the corner of Asher and 36th Street. Officer Robinson stated that there had been numerous prior complaints from the Exxon clerk pertaining to people loitering in the parking lot after leaving nearby clubs.

Officer Robinson observed a car enter and stop in one of the car-wash stalls on the Exxon property. Officer Robinson stated that there was not much traffic and that there were plenty of open parking spaces in front of the store. Officer Robinson watched the vehicle for eight to ten minutes and observed no activity. He then decided to make contact with the driver to "check on the condition of the subject."

Officer Robinson activated his blue lights and pulled up to the car-wash stall. Ms. Stevens was in the driver's seat and a woman named Anquetta Thompson was in the passenger's seat. Officer Robinson knocked on the driver's side window, and Ms. Stevens lowered the window. Officer Robinson asked Ms. Stevens why she was there, and she replied that she was getting ready to purchase some items from the store. As Officer Robinson talked to Ms. Stevens, he smelled a strong odor of marijuana coming from

the vehicle. He informed Ms. Stevens of this fact and asked her to step out of the car so he could conduct a pat-down search.

After Ms. Stevens exited the vehicle, Officer Robinson asked her if she had any drugs or weapons. Ms. Stevens advised that she had a blunt (marijuana wrapped within a cigar), and retrieved it from her front pocket and handed it to Officer Robinson. Another patrol unit arrived to offer assistance, and a female officer conducted a pat-down search of both Ms. Stevens and Ms. Thompson, but found no contraband. Ms. Stevens was arrested and placed in the back of Officer Robinson's patrol car.

Officer Tom Dillon testified that he assisted Officer Robinson in conducting an inventory search of the vehicle because they were going to have it towed. During the search, Officer Dillon found a small bag under the driver's seat that contained marijuana, a set of scales, some money, and Ms. Stevens' driver's license. Officer Dillon found another bag in the back seat behind the driver's seat that contained several baggies of suspected marijuana.

Officer Robinson acknowledged on cross-examination that, prior to this occasion, he had never met Ms. Stevens or Ms. Thompson, and had no warrants for their arrest or knowledge of any suspected criminal activity "other than what the clerk had advised in the store." At no point did Officer Robinson read Ms. Stevens her *Miranda* rights or advise her that she did not have to talk to him.

Ms. Stevens' first argument is that the searches and seizures of her person and vehicle were unlawful. She contends that Officer Robinson lacked authority to initiate the encounter, and thus that all of the evidence seized as a result of the encounter was fruit of the poisonous tree and should have been suppressed.

Ms. Stevens correctly asserts that Rule 3.1 of the Arkansas Rules of Criminal Procedure authorizes a law enforcement officer to "stop and detain any person he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct." However, Ms. Stevens asserts that this rule is inapplicable because Officer Robinson lacked any reasonable suspicion that she was engaged in or was about to engage in any such criminal activity. Ms. Stevens submits that her presence in the car-wash stall was completely

lawful and notes that while there had been complaints of loitering in the past, there were no such complaints on the evening at issue and there were no loiterers in the parking lot.

Ms. Stevens further argues that Officer Robinson's conduct was not justified under Rule 2.2, which provides:

> (a) A law enforcement officer may request any person to furnish information or otherwise cooperate in the investigation or prevention of crime. The officer may request the person to respond to questions, to appear at a police station, or to comply with any other reasonable request.

> (b) In making a request pursuant to this rule, no law enforcement officer shall indicate that a person is legally obligated to furnish information or to otherwise cooperate if no such legal obligation exists. Compliance with the request for information or other cooperation hereunder shall not be regarded as involuntary or coerced solely on the ground that such a request was made by a law enforcement officer.

In *Jennings v. State*, 69 Ark. App. 50, 10 S.W.3d 105 (2000), we held that an encounter under Rule 2.2 is permissible only if the information or cooperation being sought is in the investigation of a particular crime. Ms. Stevens notes that in the present case, Officer Robinson was not investigating any particular crime when he made contact with her. Because Officer Robinson had no reasonable suspicion under Rule 3.1 and was not investigating a crime as contemplated by Rule 2.2, Ms. Stevens argues his contact with her was illegal.

When we review a denial of a motion to suppress the evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). We hold that the trial court erred in denying Ms. Stevens' motion to suppress because Officer Robinson's confrontation with Ms. Stevens was unauthorized, and all of the evidence seized was the fruit of an illegal detention.

Ms. Stevens is correct in asserting that the encounter was not justified by either Rule 3.1 or Rule 2.2. By Officer Robinson's own testimony, there was no reasonable suspicion that Ms. Stevens

was engaged in any criminal activity, and he was not asking for cooperation in the investigation or prevention of a particular crime.

The State argues that the encounter was lawful, citing *Thompson v. State*, 303 Ark. 407, 797 S.W.2d 450 (1990). In that case, Officer Parsons observed Mr. Thompson's car parked legally on a street with its lights on and motor running and the vehicle remained there ten minutes later. The officer approached the car and found that Mr. Thompson was in the driver's seat and smelled of alcohol. The officer then conducted sobriety tests and arrested Mr. Thompson for DWI. In affirming the trial court's denial of Mr. Thompson's motion to suppress, the supreme court explained:

> Not all personal intercourse between policemen and citizens involves "seizures" of persons under the fourth amendment. *See Terry v. Ohio*, 392 U.S. 1 (1967). A "seizure" occurs when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. *Id.*
>
> Police-citizen encounters have been classified into three categories. *See U.S. v. Hernandez*, 854 F.2d 295 (8th Cir. 1988). The first and least intrusive category is when an officer merely approaches an individual on a street and asks if he is willing to answer some question. Because the encounter is in a public place and is consensual, it does not constitute a "seizure" within the meaning of the fourth amendment. *Id.* The second police encounter is when the officer may justifiably restrain an individual for a short period of time if they have an "articulable suspicion" that the person has committed or is about to commit a crime. *Id.* The initially consensual encounter is transformed into a seizure when, considering all the circumstances, a reasonable person would believe that he is not free to leave. The final category is the full-scale arrest, which must be based on probable cause. *Id.*
>
> Here, Officer Parsons' approach to investigate the appellant's car parked in a public place fits into the first category, and thus is not a "seizure" within the meaning of the fourth amendment. (Citations omitted).
>
> . . . .
>
> After observing a car with its lights on and motor running parked in the early morning hours in the same place for ten minutes, Officer

Parsons acted properly in approaching appellant's car and asking the appellant "what the problem was." At this point, the record does not show that Officer Parsons restrained the liberty of the appellant by means of physical force or a show of authority. The officer did not approach the car exhibiting a weapon or ordering the appellant out of his vehicle. Thus, there was no "seizure" under the fourth amendment. The "seizure" of the appellant occurred only after the officer addressed the appellant and noticed the odor of alcohol after appellant volunteered he had been at a club. Then, the officer had a reasonable suspicion that the appellant had committed or was about to commit a DWI and properly asked him to exit his car. *See* Ark. R. Crim. P. Rule 3.1.

*Thompson v. State*, 303 Ark. at 409-10, 797 S.W.2d at 451-52. In the case at bar, the State asserts that the encounter was lawful because, as in *Thompson v. State, supra*, the initial contact was not a "seizure," and the subsequent search was lawful because Officer Robinson smelled marijuana. *See McDaniel v. State*, 337 Ark. 431, 990 S.W.2d 515 (1999).

We disagree with the State's argument that the initial contact by Officer Robinson did not constitute a seizure under the Fourth Amendment. The material difference between this case and *Thompson v. State, supra*, is that the officer in this case activated his blue lights before making the contact.

A person has been seized within the meaning of the Fourth Amendment only if, in view of all circumstances surrounding the incident, a reasonable person would believe he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544 (1980); *Jefferson v. State*, 349 Ark. 236, 76 S.W.3d 850 (2002). If there is no detention — no seizure within the meaning of the Fourth Amendment — then no constitutional rights have been infringed. *Florida v. Royer*, 460 U.S. 491 (1983); *Jefferson v. State, supra*. The Supreme Court has held that so long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual, and no reasonable suspicion is required. *See California v. Hodari D.*, 499 U.S. 621 (1991).

In the present case, Ms. Stevens was seized at the time that Officer Robinson knocked on her window after approaching and stopping in his patrol unit with blue lights flashing. This is because there was a sufficient show of authority to compel a reasonable person to believe that she was not free to disregard the officer and

go about her business or leave the scene. The encounter was not consensual and Officer Robinson lacked any reasonable suspicion, and thus the subsequent seizure of all of the evidence was illegal.

For the foregoing reasons, we hold that the trial court erred in denying Ms. Stevens' motion to suppress. Because we hold that there was a Fourth Amendment violation, we need not address Ms. Stevens' alternate argument pertaining the officer's failure to administer *Miranda* warnings. We reverse and remand with directions that all the seized evidence be suppressed and that Ms. Stevens be allowed to withdraw her guilty plea pursuant to Ark. R. Crim. P. 24.3(b).

Reversed and remanded.

GLOVER and NEAL, JJ., agree.